**WILLIAMS, Plaintiff, v. JONES et, Defendant.**

Common Pleas Court, Montgomery County.

No. 102299. Decided August 23, 1950.

Waiters & Carter, Dayton, Mayer & Mayer, Columbus, for plaintiff.

Hodapp & Hodapp, Dayton, for defendants.

## OPINION

By CRAWFORD, J.

Plaintiff, Henry Williams, has filed a Petition against Alonzo Jones, the son of Marie McKanse, deceased, and against Dale Hodapp, Administrator of said decedent's estate, seeking to have them declared trustees for plaintiff of certain real estate and personal property, respectively, of which plaintiff claims to be the equitable owner. He also prays that they be enjoined from disposing of any such property and be required to transfer the same to him.

Both defendants have demurred to the Petition for lack of jurisdiction of the defendants and of the subject of the action, for failure to state a cause of action, and because of the pendency of a prior action.

While the Petition does not state that these items are included in the inventory and appraisement of the estate, it is alleged that the estate consists of said items. If they were not included in the inventory, there could be no question of the jurisdiction of this court; we shall assume, therefore, for present purposes that they are included, so that the real questions here presented may be determined.

The two principal questions raised and discussed in the memoranda are these:

(1) Does the Probate Court have exclusive jurisdiction?

(2) Is the presentation to the administrator and rejection by him of plaintiff's "claim" a prerequisite to the present action?

The jurisdiction of the Probate Court is statutory and is conferred and defined by §10501-53 GC. After specifying thirteen subjects, including general control of fiduciaries, of which the Probate Court has jurisdiction, the statute says that such jurisdiction shall be exclusive unless otherwise provided by law. Then follows the final paragraph of the section which confers upon the court "plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

This section was construed by Judge McClelland of the Franklin County Probate Court in 3 O. O. 315, In re Estate of Joseph B. Rich. It was there decided that the Probate Court has no authority to terminate a testamentary trust. The first syllabus reads:

"The Probate Court has plenary power in law and equity in matters over which it has specific jurisdiction as set forth in statute. It has no implied power."

In the opinion, Judge McClelland says on page 315:

"The jurisdiction of the Probate Court is one of·special limited and delegated jurisdiction."

And on page 316 he comments further:

"In regard to the last paragraph (of §10501-53 GC) referred to, in which Probate Court is given plenary power, it is our opinion that this refers and is restricted to the specific jurisdiction given in the paragraphs immediately preceding it. In other words, the Probate Court has plenary power in law and in equity in matters over which it has specific jurisdiction as set forth in the statute, and conversely if the authority is not specifically given the Probate Court has no such authority."

It is an inevitable corollary that, outside of the thirteen subjects named, none of the jurisdiction actually conferred upon the Probate Court is exclusive, unless specifically so provided by statute. And there is no statute conferring such exclusive jurisdiction over such a case as that now before us.

While under the provisions of §10509-59 GC exceptions may be filed to the inventory "by any person interested in the estate or any of the property included in the inventory," yet obviously such a claimant is not required by the statute to do so, and such procedure is not exclusive. **Scott v. Mofford, 65 Oh Ap 457, 18 O. O. 197.**

Defendants cite **Brown v. Trust Co., 22 Oh Ap 324.** That case, decided in 1926 prior to the present Probate Code, holds that the Probate Court had jurisdiction to determine ownership of stock inventoried as assets of an intestate's estate and the Common Pleas Court had jurisdiction on appeal. It was held, under the old Code, that a claimant of such stock could raise the question by direct proceeding in Probate Court and was not barred from so doing by failure to file exceptions to the inventory within time. The Court further says, on page 326:

"They may raise the question directly any time before the property is disposed of, and distribution made, by either a direct proceeding in the probate court or by a separate action filed in the court of common pleas for that purpose."

We find nothing in the present Probate Code to change this rule.

**Sec. 10501-55 GC,** cited by defendants, refers to exclusive jurisdiction as between two or more probate courts and has no application here.

We shall not presume to define dogmatically the jurisdiction of another court; we are concerned here with that of the Probate Court only as it affects our own; and our conclusion is that in such a case as this, its jurisdiction is not exclusive.

Therefore, leaving as we must the Probate Court to determine its own exact jurisdiction, but assuming for present purposes the correctness of our belief that its jurisdiction over such a case as that before us is fully concurrent with our own, then this court, by virtue of having first assumed jurisdiction, would retain it.

As to the second question, whether plaintiff must first present this kind of "claim" to the administrator according to the requirements of §10509-112 GC, the answer is clearly that he need not do so. By the very title of that section, it is shown to apply to "Creditors' Claims."

Plaintiff does not place himself in the role of a creditor to whom the administrator must pay or refuse to pay a debt of the estate, but he claims, instead, to be an equitable owner of assets being administrated in the estate.

Besides, in none of the cases herein referred to or cited in counsel's memoranda has a "claim" of this nature been presented to a fiduciary, nor has any question been raised or comment made upon the failure to do so.

Therefore, such presentation is obviously not a prerequisite to the bringing of this suit.

This disposes of all the grounds of demurrer save one, that a prior action is pending between the same parties for the same cause of action. As such a situation is not shown by the pleadings and is not mentioned in defendants' memorandum, this is probably meant to be but an alternative method of stating the first principal question dealt with herein; in other words, this ground of demurrer is probably framed on the theory that the probate court already has jurisdiction of the controversy.

Finding that this court possesses and has assumed jurisdiction, and that a cause of action has been stated, we find it necessary to overrule the demurrers.