Stewart, J.
The Ohio statutes relating to replevin are set forth in Chapter 6 of “Procedure in Common Pleas Courts,” General Code, consisting of Sections 12051 to 12074, inclusive.
Section 12051 reads:
“The possession of specific personal property may be recovered in an action as provided in this chapter.”
Subsequent sections provide for the filing of an affidavit for an order of delivery of the property, provide the procedure for the giving of a bond by the claimant to the property, its seizure by the sheriff and the giving of a redelivery bond by the one who has possession of the property, and provide the procedure to be taken after a jury has returned a verdict.
In the present case no questions are raised as to the regularity of all the proceedings under the replevin statutes, which can be considered in the absence of a bill of exceptions.
The sole question presented to us is whether the replevin statutes are available to one who claims to own personal property and to be entitled to the immediate possession thereof, where it is being wrongfully detained from him by the personal representative of a decedent.
The Court of Appeals was of the opinion that where an administrator of an estate is in possession of personal property and has proceeded to administer the estate, including the chattels as a part thereof, one claiming the chattels must find his remedies in the Probate Court and in connection with the administration of the estate. The Court of Appeals said:
*303 “Since the administrator or executor represents all claimants including heirs, legatees and creditors, it is to be assumed, in the absence of any averment to the contrary, that an administrator is carrying out his duties with respect to creditors and claimants in the Probate Court. The petition fails to show either that plaintiff presented his claim to the administrator and that it was rejected, or that, if such course were followed, such method would be unavailing.”
That court said further:
“Besides the opportunity to except to inventories, improperly listing as that of the estate property actually belonging to claimants, the Ohio statutes provide for presentation of claims directly to an executor or administrator within four months after his appointment. ’ ’
We entirely concur in what the Court of Appeals said, but we are of the opinion that such statements are not applicable to the present case. The plaintiff here is not claiming the chattels in question as an heir, a legatee, or a creditor of the estate of defendant’s decedent. It has no interest in the estate or claim against it and therefore has no claim to present to the defendant. Plaintiff simply avers that the chattels in question belong to it and are being wrongfully detained by defendant, and, in fact, so far as the record shows, there is no evidence as to how defendant came into their possession. If plaintiff is the owner of the chattels and is entitled to their possession, it is not required to present a claim to the administratrix for them or to except to an inventory, for the reason that plaintiff has no claim against the estate and is not interested in the inventory. Plaintiff is simply claiming a right to recover possession of its personal property under Section 12051 et seq., General Code, and those sections apply in favor of any one who owns chattels and is entitled to their possession as against any one who wrongfully detains the possession, re *304 gardless of who that person may be. See Staley v. Kreinbihl et al., Exrs., 152 Ohio St., 315, 89 N. E. (2d), 593.
The Court of Appeals relied on the case of Lingler v. Wesco, Admr., 79 Ohio St., 225, 86 N. E., 1004, 128 Am. St. Rep., 714, wherein it was held in the syllabus:
“Where the mortgagor dies in possession of the goods and chattels covered by the mortgage, even after condition broken, and his administrator has taken possession of said goods and chattels in his trust capacity, the mortgagee cannot maintain replevin against such administrator for their possession. In such case, if the mortgage is valid, the interest of the mortgagee in the property under mortgage is transferred to the fund arising from the sale by the administrator.”
In that case Lingler instituted an action against an administratrix to replevin certain chattels upon which Lingler held a chattel mortgage to secure certain indebtedness. It was claimed that no part of the indebtedness had been paid; that the mortgage had become absolute; and that Lingler had acquired special ownership or interest in and was entitled to the immediate possession of the chattels which were being wrongfully detained by the administratrix.
This court held that in such a case a person is not entitled to replevin chattels upon which he holds a mortgage, and that, where a person accepts a mortgage upon chattels, securing the payment of an indebtedness, such person must be held to take such security in contemplation of what the law may require if death prevents the mortgagor from complying with the terms of his contract.
This court said that the value of the mortgaged property might be far in excess of the debt; that the estate of the deceased mortgagor would in such case be largely interested in the proper and advantageous disposition of the same; and that it would seem unfair to the estate that a mortgagee should be permitted to *305 arbitrarily take possession and keep or dispose of the property as he pleased.
In the Lingler case, the mortgagee did not lose his lien upon the mortgaged chattels, but, because of the obvious interest of the estate of the mortgagor in those chattels, the lien of the mortgagee was confined to the proceeds of the sale of the chattels in the course of the administration of the estate of the mortgagor.
We concur in the reasoning and the decision in the Lingler■ case, but it is an entirely different case from the present one.
In the Lingler case, the estate obviously had a vital interest in the mortgaged chattels and was entitled to any sums for which they were sold over and above the amount required to pay the mortgage debt. Manifestly a gross injustice would be done if a mortgagee under the circumstances would be permitted to avail himself of the remedy of replevin.
In the present case, however, there is no question as to any divided interest in the chattels. If the plaintiff owns them and is entitled to their immediate possession, it has a right to recover them from any one who wrongfully detains them, not because of any claim against any person or estate but because it is wrongfully deprived of possession of its own property.
Since the jury found the right of property in and the right of possession of the chattels to be in the plaintiff, and since there is no bill of exceptions to show any error in the proceedings, they being regular and according to law so far as the record demonstrates, the judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Middleton, Taet, Matthias, Hart and Zimmerman, JJ., concur.