**CARTER, Plaintiff-Appellant, v. BIRNBAUM et,
Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22754.   Decfiided May 11, 1953.

H. L. Deibel, E. J. Sawicki, Cleveland, for plaintiff-appellant.

B. A. Robbins, Louis R. Lanza, Cleveland, for defendants-appellees.

## OPINION

By SKEEL, J.:

This appeal comes to this court on questions of law from a judgment entered for the defendants in the Common Pleas Court of Cuyahoga County.

The action is one seeking to impress a trust on certain property, both real and personal, now claimed by the heirs at law and administrator of the estate of Ella Lumpkin, now deceased.   The plaintiff's petition might also be interpreted as one seeking a declaratory judgment as to the ownership of such property.   The judgment was entered for the defendants on the trial of a motion seeking a temporary restraining order in which the Common Pleas Court held it was without jurisdiction to entertain the cause of action stated in plaintiff's petition.

The facts stated in plaintiff's petition are as follows: George Lumpkin and the deceased were married in the state of Georgia on April 6, 1919 and that such relationship continued until her death January 24, 1952 and that this plaintiff, without knowledge of such marriage, entered into ceremonial marriage with said Ella Lumpkin on June 13, 1930. It is further alleged that, believing Ella Lumpkin was his lawful wife, the plaintiff upon the purchase of a house and lot known as 8215 Gill Avenue, on October 15, 1943, without intending to relinquish ownership, had title placed in the name of "Ella Carter" (his supposed wife) and that his savings were deposited under the same circumstances by his employer with the Warsaw Savings & Loan Association at his direction in the name of "Ella Carter."

The plaintiff then prays for a decree or declaration that said property is in law and fact his property and was held by "Ella Carter" during her lifetime in trust for him and that such decree or declaration, directing the administrator to convey the legal title to him as such lawful owner.

The Common Pleas Court, by its journal entry, held that it was "without jurisdiction of the subject matter of the action as appears upon plaintiff's petition." The court thereupon entered final judgment for the defendant.

The appellant claims the court was in error in holding it was without jurisdiction of the subject matter of the action.

The Court of Common Pleas is a court of general, civil and equitable jurisdiction. **Darst v. Phillips, 41 Oh St 514.** A Probate Court (a court of limited jurisdiction) is vested with jurisdiction in equity only to the extent necessary to dispose of any matters properly before the court. **Sec. 10501-53 GC.** The question presented by the plaintiff in this action is his immediate and exclusive right to the property, described in the petition, and now in the name of the deceased, and inventoried in her estate, when it was assumed that the plaintiff was her surviving spouse.

If the plaintiff is successful the estate will be entirely divested of any right in the property, and on the other hand, if the defendant prevails, in this action, the plaintiff can claim no legal interest therein. This must be the result where one who does not have legal capacity to enter into a marital relation because she is then lawfully married, assumes such relation with another who, because of such supposed relationship, puts title to his property in her name as his wife. The plaintiff does not seek an interest in property which is, or may be, in whole or in part property that is subject of administration in the estate of which the defendant is administrator. He seeks the property as his own clear of any claims of the estate of Ella Lumpkin.

This being so, it comes clearly within the rule as pronounced by the Supreme Court in the case of **Transport Co. v. Matyas, 159 Oh St 300**, wherein the syllabus provides:

"1. Where a person claims the title to and the right of immediate possession of specific personal property and that such property is being wrongfully detained from him, he has the right to recover possession of such, property by an action in the Court of Common Pleas under §12051 et seq, GC.

"2. In such a case the person claiming to be the owner of the specific personal property may institute an action in the Court of Common Pleas for its recovery against the administrator of an estate, who is wrongfully detaining the possession of the property from such owner where there is no question of a divided interest or ownership between such owner and the estate. (**Lingler v. Wesco, Admr., 79 Oh St 235**, distinguished.)

And at page 303 of the opinion the court said:

"The plaintiff here is not claiming the chattels in question as an heir, a legatee, or a creditor of the estate of the defendant's decedent. It has no interest in the estate or claim against it and therefore has no claim to present to the defendant. Plaintiff simply avers that the chattels in question belong to it and are being wrongfully detained by defendant, and, in fact, so far as the record shows, there is no evidence as to how defendant came into their possession. If plaintiff is the owner of the chattels and is entitled to their possession, it is not required to present a claim to the administratrix for them or to except to an inventory, for the reason that plaintiff has no claim against the estate and is not interested in the inventory."

The question of whether or not plaintiff is entitled to the return of his property, title to which he put in the name of the deceased under mistake of fact or because of the fraudulent conduct or representation of Ella Lumpkin made by her during her lifetime states a cause of action coming within the equity power of the Common Pleas Court and the fact that defendant is an administrator does not oust it of such jurisdiction.

For the foregoing reasons the judgment of the Common Pleas Court is reversed and the cause is remanded to said court with instructions to rule upon plaintiff's application for a temporary restraining order and for such further proceedings as provided by law. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, concur.