Fox, Admx., Appellant, *v.* McCreary et al., Appellees.

(No. 258—Decided January 8, 1957.)

*Messrs. Bannon, Howland & McCurdy,* for appellant.
*Messrs. Young & Young,* for appellees.

COLLIER, J.  This is an action on a promissory note and to foreclose a mortgage instituted by the plaintiff, appellant herein, as the administratrix of the estate of Drenan Wells, deceased, in the Common Pleas Court of Adams County, Ohio, against Raymond R. McCreary and Leona McCreary and others, as defendants, appellees herein.  A trial by jury resulted in a verdict for the defendants, and the plaintiff has perfected an appeal on questions of law from the judgment rendered on the verdict.

The facts pertinent to the questions to be determined in this appeal may be summarized as follows:

On July 26, 1946, the defendants executed a note and mortgage in the sum of $800, payable on or before five years to plaintiff's decedent.  The note was secured by a mortgage on real estate in Adams County and was duly recorded.  Plaintiff's decedent died on September 18, 1947, a resident of Adams County.  After decedent's death the note was in the possession of the defendants, and the mortgage has not been released or cancelled of record.

After the death of plaintiff's decedent, the defendants requested the plaintiff, as administratrix of decedent's estate, to cancel the note and release the mortgage of record, which plaintiff refused to do but some time later, on June 28, 1954, filed her petition in this cause in the Common Pleas Court of Adams County.

The record discloses further that after the death of the wife of plaintiff's decedent, and since January of 1946, the decedent lived in the home of the defendants who continued to furnish the decedent room, board and laundry until the day of his death. The defendants allege in their answer that since the date of the note they have furnished decedent with room and board and laundry and further claim that at the time the note and mortgage were executed it was agreed that payment of the note was to be made by the furnishing of these services, that the services rendered the decedent by the defendants were worth more than the amount of the note, and that the note had been fully paid.

The seven assignments of error present three questions to be determined in this appeal as follows:

(1) Was it necessary for the defendants to present their claim on the note to the plaintiff administratrix for allowance or rejection under Section 2117.06, Revised Code, within four months after the date of the appointment of the administratrix, as a condition precedent to their right to assert the defense of payment in this action?

(2) Did the court err in the admission of evidence of declarations of the decedent to the effect that he was "boarding out" the note with the defendants?

(3) Is the judgment against the manifest weight of the evidence?

The law is well established that an action may not be maintained on a claim against the administrator of an estate unless, as a condition precedent, the claim has been presented to the administrator within four months after the appointment of the administrator. Section 2117.06, Revised Code. However, such presentation is not required where the party claims to be the owner of assets of the estate. A "claim" is interpreted as a debt or demand on the estate. 22 Ohio Jurisprudence (2d), 589, Section 231, reads:

"A person who asserts a right as legal or equitable owner of assets being administered in the estate is not required to present his 'claim' to the administrator before bringing an action."

See, also, Carter v. Birnbaum, 68 Ohio Law Abs., 97, 113 N. E. (2d), 102.

The defendants in this action do not claim that the estate is indebted to them but, on the other hand, the plaintiff is seeking to recover on the note a debt claimed to be owing the estate by the defendants. The defendants had no claim to present to the administratrix for allowance or rejection and it was not necessary to comply with this statutory requirement as a condition precedent to defendants' right to assert the defense of payment in their answer.

In the trial the defendants called six witnesses who were permitted to testify as to declarations made by the decedent to the effect that the defendants did not owe him anything on the note; that the decedent intended to have the mortgage cancelled on the records; and that he was "boarding out" the debt evidenced by the note. Did the trial court err in admitting this evidence? 20 American Jurisprudence, 467, Evidence, Section 556, reads:

"An important exception to the hearsay rule is that which pertains to declarations against interest. The general rule is that a declaration against the interest of the person making it is admissible in evidence, notwithstanding its hearsay character if the declaration is relevant and the declarant has died * * *."

Section 608 on page 522 of the same authority reads in part as follows:

"If the declarant is dead, the general rule is that statements made by him against his pecuniary or proprietary interest are admissible even as between third parties."

And, in *Larimore* v. *Wells, Admr.,* 29 Ohio St., 13, it is held, in the third paragraph of the syllabus:

"Where the maker of a note, when sued upon it by the administrator of the payee, sets up as a defense that the note was surrendered to him by the payee as a gift, declarations of the payee, while in possession of the note, of an intention to make such gift, may be given in evidence by the defendant as tending to explain his possession of the note."

The *Larimore case, supra,* is directly in point with the question presented in the case at bar and has never been reversed or modified. That case also holds, in the fourth paragraph of the syllabus:

"The presumption of satisfaction or discharge of a note or

other evidence of debt, arising from the fact of its being found in the possession of the maker, is not rebutted by the mere fact of the death of the payee or former holder.''

See, also, 21 Ohio Jurisprudence (2d), 346, Deceased Persons' Declarations, Section 337 *et seq.*

The evidence is not definite as to the agreement between the decedent and the defendants by the terms of which the decedent was to receive board, room and laundry; but the period these services were furnished to the decedent by the defendants is well established. The defendants, because of the death of the decedent, were disqualified as witnesses and, as a matter of necessity, had to rely upon the declarations of the decedent, which is really the basis for the rule of evidence permitting the admission of such declarations. In our opinion, the facts, as shown by the evidence, the execution of the note, the death of the payee, the possession of the note by the makers after the death of the payee and the declarations of the deceased payee that the defendants owed him nothing and that he intended to cancel the note and mortgage on the records, are sufficient to present a question to be determined by the jury under proper instructions by the court.

After a careful examination of the entire record, we find no error prejudicial to the rights of the plaintiff, appellant herein, and, therefore, the judgment must be, and hereby is, affirmed.

*Judgment affirmed.*

GILLEN, J., concurs.
McCURDY, P. J., not participating.