SPACEWAY DISTRIBUTION & STORAGE CO., INC., APPELLANT, *v.* WILLIAMSON, ADMX., ET AL., APPELLEES.

(No. 86AP-974—Decided July 23, 1987.)

*Paul Scott Co., L.P.A.,* and *Paul Scott,* for appellant.

*Gayton, Tilton & Endres, Charles W. Gayton* and *Steve Hillman,* for appellees.

STRAUSBAUGH, P.J. This is an appeal by plaintiff from a summary judgment in defendants' favor granted by the court of common pleas. The court found that plaintiff's claim was statutorily barred by the three-month filing provisions of R.C. 2117.06(B).

Carl Williamson ("decedent") died intestate on March 6, 1985. Mrs. Williamson ("defendant"), decedent's spouse, was appointed administratrix of Mr. Williamson's estate on March 13, 1985.

Subsequently, defendant received a payment of $210,000 as proceeds from a policy of insurance issued on the life of decedent. This policy had been procured by the Spaceway Distribution and Storage Co., Inc. ("plaintiff") and apparently named defendant as the beneficiary.

Plaintiff, by letter dated July 18, 1985, made demand of defendant for the return of twenty-five shares of stock issued by plaintiff to decedent. The basis for this request was an al-

leged "buy-sell" agreement among the shareholders of plaintiff. Plaintiff contended that the shareholders, including decedent, had agreed to sell their shares in the corporation only to plaintiff, with the repurchase to be secured by the proceeds from life insurance policies on the individual shareholders.

When defendant failed to comply with plaintiff's demand for the return of the stock, the instant cause was initiated on September 6, 1985. Defendants moved the court, pursuant to Civ. R. 56, for summary judgment, setting up the three-month claim-filing period of R.C. 2117.06(B) as the basis for their motion. The court, on September 22, 1986, granted defendants' motion and dismissed plaintiff's complaint as untimely.

Plaintiff, on appeal, asserts two assignments of error:

"I. One who claims to be an equitable owner of assets being administered in an estate or being held by the administrator or executor is not required to present a claim to the executor before bringing an action to recover the asset. Such person is not a 'creditor' of the estate, and is not required to present the claim in the manner provided by O.R.C. 2117.06, and it is error for the trial court to award summary judgment on the basis that such claim is not filed timely.

"II. In a suit filed against the administrator of a decedent's estate and the heirs of the decedent and the beneficiary of a life insurance policy purchased in conjunction with a buy-sell agreement among shareholders in a corporation, a court commits error when it awards summary judgment in favor of the administrator, heirs and beneficiary, when the beneficiary acknowledges receipt of the insurance proceeds and refuses to relinquish the shares of the corporation or her claim of ownership of the shares."

Plaintiff, by way of its first assignment of error, presents a novel and complex issue which invokes an analysis of the Probate Code, corporation law and Article 8 of the Uniform Commercial Code (R.C. Chapter 1308). Apparently, the precise issue has not received much attention, either by courts of this state or elsewhere.

Since the precipitating factor which led to this suit was the death of Mr. Williamson, R.C. 2117.06 seems to be a logical starting point. That statute states in part:

"(A) All creditors having claims against an estate including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:

"(1) To the executor or administrator in a writing;

"(2) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it.

"(B) *All claims shall be presented within three months after the date of the appointment of the executor or administrator,* except that claims for assessments for personal and intangible property taxes, interest, and penalties for which the decedent was personally liable shall be presented by the tax commissioner or his agent within three months after the filing of the estate tax return prescribed by section 5731.21 of the Revised Code. Every claim presented shall set forth the claimant's address." (Emphasis added.)

Although plaintiff concedes that it did not comply with the three-month presentment requirement of R.C. 2117.06(B), it is plaintiff's position that its claim was not required to be presented. In plaintiff's view, because of rights which attached pursuant to the buy-sell agreement, it was the equitable owner of the shares held by

defendant. As such, plaintiff maintains that it was not a "creditor" within the meaning of R.C. 2117.06.

\* \* \*■

The issue before this court is whether plaintiff has an equitable interest, and the nature of that interest, in the twenty-five shares held by defendant. If plaintiff is an equitable owner of the stock, then clearly it was not required to present its claim within the three-month provision of R.C. 2117.06(B). See, e.g., *Service Transport Co.* v. *Matyas* (1953), 159 Ohio St. 300, 50 O.O. 298, 112 N.E. 2d 20; *Staley* v. *Kreinbihl* (1949), 152 Ohio St. 315, 40 O.O. 361, 89 N.E. 2d 593; *Carter* v. *Birnbaum* (App. 1953), 68 Ohio Law Abs. 97, 113 N.E. 2d 102; *Williams* v. *Jones* (C.P. 1950), 58 Ohio Law Abs. 153, 42 O.O. 323, 94 N.E. 2d 109. See, also, Annotation, Replevin Against Administrator (1955), 42 A.L.R. 2d 418, 443, Section 6 (citing cases).

While the court below failed to specifically address this issue, the question — being legal rather than factual — is susceptible of review on appeal. We conclude, for the reasons which follow, that plaintiff had no equitable interest in the twenty-five shares at the time of decedent's death.

The essence of plaintiff's argument sounds in unjust enrichment. Plaintiff argues that defendant will be unjustly enriched if she is allowed to retain both the life insurance proceeds and the stock.

Courts act to prevent unjust enrichment in a variety of circumstances. Most frequently, however, equitable interests in personalty find protection in two manners. The first is where the equitable interest is in the nature of a lien. Equitable interests also are protected where the court engrafts a constructive trust on the property in favor of the complaining party. 5 Scott on Trusts (3 Ed. 1967) 3410-3426, Sections 461-463.

To the extent that plaintiff's claim is premised on its interests in the stock acquired through the payments of decedent's life insurance premiums, the interest is in the nature of an equitable lien. See, e.g., *Klaustermeyer* v. *Cleveland Trust Co.* (1913), 89 Ohio St. 142, 105 N.E. 278. This state has previously recognized that an equitable lien over stock may arise where the stock is intended to afford security to a third party. *Dueber Watch Case Mfg. Co.* v. *Daugherty* (1900), 62 Ohio St. 589, 57 N.E. 455. However, it does not follow from these general principles that equitable claims such as these need not be asserted against the estate of a decedent pursuant to R.C. 2117.06. Cf. *American Seaway Foods, Inc.* v. *Hildebrand* (Oct. 10, 1985), Cuyahoga App. No. 49484, unreported.

It is clear that equitable liens are, by and large, an equitable formulation of security interests. See, e.g., *Klaustermeyer, supra*; see, also, *General Ins. Co. of America* v. *Lowry* (S.D. Ohio 1976), 412 F. Supp. 12, affirmed (C.A. 6, 1978), 570 F. 2d 120 (analyzing secured interest in stock as equitable lien). As such, the remedy generally obtains where no adequate legal remedy exists for the breach of either express or implied contracts.[2] *Klaustermeyer, supra,* at paragraph

---

[2] It is important to note that while equitable liens over stock certificates have previously been recognized in this state, the provisions of R.C. Chapters 1308 and 1309 arguably preempt the field. Public policy may well dictate that courts ought not bypass uniform commercial statutes, despite the "equities" present in any given case. Cf. *General Ins. Co. of America, supra.*

Although not apparent on the record

one of the syllabus. Given the contractual basis for such interests, R.C. 2117.06 mandates that these claims be presented to the administrator of an estate within three months of appointment. Here, since plaintiff failed to file its claim within the statutory time frame, the court below correctly found that the claim was barred by R.C. 2117.06.

Despite the fact that R.C. 2117.06 would bar plaintiff's claim if premised on an equitable lien theory, the statute presents no bar to claims based on equitable ownership of the asset. *Service Transport Co., supra; Staley, supra; Carter, supra; Williams, supra.* The apparent reason for this rule is that where a person claims ownership of an asset held by a decedent at the time of death, the asset is not property of the estate. *Service Transport Co., supra,* at 303, 50 O.O. at 299, 112 N.E. 2d at 22; *Staley, supra,* at 327, 40 O.O. at 366, 89 N.E. 2d at 599. As such, the party claiming ownership is not claiming as a creditor of the estate. *Service Transport Co., supra,* at 303, 50 O.O. at 299, 112 N.E. 2d at 22.

Plaintiff's claim, based on its status as equitable owner, invokes the remedy of constructive trust. See *Ferguson* v. *Owens* (1984), 9 Ohio St. 3d 223, 225-226, 9 OBR 565, 567, 459 N.E. 2d 1293, 1295; 5 Scott on Trusts (3 Ed. 1967) 3412-3413, Section 462. The basis for the instant claim rests on the theory that, since defendant has been paid the $210,000 from the life insurance policy, the retention of the twenty-five shares by defendant would result in her unjust enrichment. See,

generally, 5 Scott on Trusts (3 Ed. 1967) 3417-3418, Section 462.2. In plaintiff's opinion, defendant holds legal title to the twenty-five shares as a constructive trustee for the benefit of plaintiff. Therefore, plaintiff was not required to present a claim against the estate since it was the equitable owner of the stock. We cannot agree.

Clearly, plaintiff's claim of ownership could not have matured until Mr. Williamson died. It is undisputed that he owned the entire interest in the shares, subject only to the terms of an alleged buy-sell agreement. Hence, plaintiff's beneficial interest could arise, if at all, only at the time of decedent's death. Conversely, defendant's duty to hold the shares in constructive trust could not have obtained until subsequent to her husband's death.

It follows, then, that plaintiff's claim arises only under decedent's estate. That is, plaintiff's ownership interest was not extant until after Mr. Williamson died. As such, we believe that R.C. 2117.06 required plaintiff to present its claim within three months of the appointment of defendant as administratrix.

*Staley, supra,* does not require a different result. In that case, Mrs. Staley had delivered to the Kreinbihl's decedent, one Phil M. Crow, the sum of $10,053.63 to be kept by Judge Crow until Staley demanded the return of the money. The Supreme Court of Ohio, confronted with the four-month provision of G.C. 10509-112 (the predecessor of R.C. 2117.06), held that the relationship between Staley *and the decedent* was one of cestui que trust and trustee. *Id.* at 317-321, 40 O.O. at

---

before this court, if the twenty-five shares constitute "securities" as defined in R.C. 1308.01(A)(1) or (2), then the provisions of R.C. 1308.28 and 1308.36 would apply. On the other hand, if the stock held by defendant is not securities for purposes of R.C. Chapter 1308, then the provisions of R.C.

Chapter 1309 are applicable. See, *e.g., Lojek* v. *Pedler* (1986), 22 Ohio St. 3d 71, 22 OBR 87, 488 N.E. 2d 864 (analyzing security interests in securities, arising under R.C. 1309.14 prior to the adoption in Ohio of R.C. 1308.36).

362-364, 89 N.E. 2d at 595-597. As such, Staley was the equitable owner of the assets *at the time of Judge Crow's death,* and was not required to present her claim within the four-month provision of the code. *Id.* at 321-329, 40 O.O. at 364-367, 89 N.E. 2d at 597-600.

Here, even assuming that plaintiff might properly press its claim for a constructive trust, it is a claim against the *estate* of Mr. Williamson. Hence, the claim present in this cause is legally distinct from that present in *Staley, supra.* Accordingly, we hold that where an equitable claim of ownership exists by virtue of an alleged contract with the decedent and only arises upon or subsequent to the death of the decedent, it is a claim against the estate and must be presented within the time limit prescribed by R.C. 2117.06(B). Based on the foregoing, plaintiff's first assignment of error is overruled.

In its second assignment of error, plaintiff contends that the court below improperly granted summary judgment in defendants' favor. This assignment of error is predicated on plaintiff's belief that there existed a genuine dispute as to the issue of whether a buy-sell agreement existed and, if so, to whom the benefit of the agreement ran.

Plaintiff's argument, of course, proceeds on the assumption that R.C. 2117.06(B) would not bar its claim in any event. In light of our holding that plaintiff indeed was required to present its claim within the three-month statutory period, any alleged error in this respect is nonprejudicial. Plaintiff's second assignment of error is, therefore, overruled.

Both assignments of error are found not well-taken and are overruled. The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

COOK and STEPHENSON, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.

STEPHENSON, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District.