JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Terry Hugo ("appellant"), appeals from the judgment of the Berea Municipal Small Claims Court dismissing his case as being an issue for the probate court.
 {¶ 2} The appellant filed his cause of action against his sisters, defendants-appellees, Norma Mulica and Claire Walton ("appellees"), on August 22, 2001 alleging that the appellees possessed an outboard motor valued at $3,000 to which he was the rightful owner. The magistrate ruled that the appellant failed to prove his ownership of the motor by a preponderance of the evidence and that the action should have been commenced in the probate court. The appellant filed his objections and on December 4, 2001, the Berea Municipal Court Judge affirmed the magistrate's decision. For the reasons set forth below, we reverse and remand this case.
 {¶ 3} The record reveals that in 1986 the appellant purchased an outboard motor and placed it on his parent's boat. The motor was titled in his name and the boat was titled in his mother's name. The appellant's mother died on December 23, 1993, leaving her entire estate to her husband although her will was not probated. Within six months of his mother's death, the appellant's father died. Appellee, Norma Mulica, testified that their mother's will was not contested and that the boat and motor remained at her parents' house after their death. Appellee, Claire Walton, confirmed her sister's testimony. She further stated that the boat and motor stored at her parents' house were unused for eight years, and that in 1997 she and her husband removed the boat to tear down the garage. The record reflects that the boat was given to appellee, Norma Mulica, through the father's will and that the motor, which was not working, was discarded by appellee, Claire Walton.
 {¶ 4} The appellant contested his father's will and entered into a full and final settlement of that dispute.[1] The motor on the boat was not addressed in that action. The appellant claims that his mother's will bequeathed the boat to him and the rest of her entire estate to her husband. The record does not contain a copy of either of appellant's parents' last wills. However, the appellant did submit to the trial court a copy of his 1984 certificate of title to the motor. Although appellant claims that he was to inherit the boat, he sought only recovery of the motor in this action.
 {¶ 5} The appellant presents a single assignment of error for our review.
 {¶ 6} "A SMALL CLAIMS COURT ERRORS [sic] WHEN IT DISMISSES A CLAIM FOR LACK OF VENUE PROPER [sic] IN A CLAIM FOR RECOVERY OF A CHATTEL WHERE THERE IS NO CLAIM AS TO THE ISSUE OF RIGHT, TITLE, CLAIM OR INTEREST TO THE CHATTEL."
 {¶ 7} Prior to addressing the merits of the appellant's appeal, we begin by noting that the appellees did not file an appellate brief. Thus, pursuant to App.R. 18(C), we may accept appellant's statement of the facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain such action and we do so herein.
 {¶ 8} In this assignment of error, the appellant challenges that the small claims court erred when it dismissed his action based upon improper venue. The appellant contends that because neither of his parents had legal title to the motor, they could not gift, devise or otherwise transfer the motor, and therefore this is not a matter for the probate division. The appellant maintains that the appellees were bailees of his personal property and that the issue herein was properly brought in the small claims court.
 {¶ 9} In his brief, the appellant confuses the concepts of venue and subject matter jurisdiction. In State, ex rel. Dunbar v. Ham (1976),45 Ohio St.2d 112, 115, 341 N.E.2d 594, the Court stated:
 {¶ 10} "Venue, of course, is to be distinguished from jurisdiction. `Jurisdiction connotes the power to hear and decide a case on its merits, while venue connotes locality, the place where the suit should be heard.' New York, Chicago St. Louis Rd. Co. v. Matzinger
(1940), 136 Ohio St. 271, 276, 25 N.E.2d 349; Morrison v. Steiner
(1972), 32 Ohio St.2d 86, 290 N.E.2d 841, paragraph one of the syllabus."
 {¶ 11} Considering the above, we address the issue herein as whether the probate court or municipal court has subject matter jurisdiction to decide the issue of ownership of the personal property. We are provided guidance as to the municipal court's jurisdiction by R.C. 1901.17 and R.C. 1901.18 which provide:
 {¶ 12} "R.C. 1901.17 Monetary jurisdiction.
 {¶ 13} "A municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars, except that this limit does not apply to the housing division or environmental division of a municipal court * * *.
 {¶ 14} "R.C. 1901.18 Subject matter jurisdiction.
 {¶ 15} "(A) Except as otherwise provided in this division or section 1901.181 [1901.18.1] of the Revised Code, subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:
 {¶ 16} "(1) In any civil action, of whatever nature or remedy, of which judges of county courts have jurisdiction;
 {¶ 17} "(2) In any action or proceeding at law for the recovery of money or personal property of which the court of common pleas has jurisdiction * * *."
 {¶ 18} The municipal court apparently concluded that the probate court had exclusive jurisdiction. The jurisdiction of the probate court is limited. In Corron v. Corron (1988), 40 Ohio St.3d 75, 531 N.E.2d 708, paragraph one of the syllabus, the Court held that, "Proceedings in probate court are restricted to those actions permitted by statute and by the Constitution, since the probate court is a court of limited jurisdiction. (Schucker v. Metcalf [1986], 22 Ohio St.3d 33, 22 OBR 27,488 N.E.2d 210, followed.)"
 {¶ 19} The jurisdiction of the probate court is set forth in R.C. 2101.24, which provides:
 {¶ 20} "§ 2101.24 Jurisdiction of probate court.
 {¶ 21} "(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:
 {¶ 22} "(a) To take the proof of wills and to admit to record authenticated copies of wills executed, proved, and allowed in the courts of any other state, territory, or country. If the probate judge is unavoidably absent, any judge of the court of common pleas may take proof of wills and approve bonds to be given, but the record of these acts shall be preserved in the usual records of the probate court.
 {¶ 23} "* * *
 {¶ 24} "(k) To construe wills;
 {¶ 25} "* * *
 {¶ 26} "(p) To hear and determine actions to contest the validity of wills;
 {¶ 27} "* * *"
 {¶ 28} In the instant case, the appellant did not request that the trial court construe a will or determine the validity of a will, which are the exclusive domain of the probate court. Rather, the appellant sought the immediate possession of his personal property for which he claimed to have legal ownership pursuant to a certificate of title, not through an estate.
 {¶ 29} In Carter v. Birnbaum (1953), 113 N.E.2d 102, 68 Ohio L.Abs. 97, we reviewed a similar issue of whether the court of common pleas or the probate court properly had subject matter jurisdiction. InCarter, the defendant sought personal property for which he claimed ownership outside of the estate of his decedent wife. The common pleas court held that it was without jurisdiction to entertain the cause of action. The appellant sought the property as being his, free of any claim by the estate. We found that jurisdiction resided in the common pleas court.
 {¶ 30} Further, in Service Transport Co. v. Matyas (1953),159 Ohio St. 300, 112 N.E.2d 20, paragraphs one and two of the syllabus, the Ohio Supreme Court held as follows:
 {¶ 31} "Where a person claims the title to and the right of immediate possession of specific personal property, and that such property is being wrongfully detained from him, he has the right to recover possession of such property by an action in the Court of Common Pleas, under Section 12051 et seq., General Code."
 {¶ 32} In such a case, the person claiming to be the owner of the specific personal property may institute an action in the Court of Common Pleas for its recovery against the administrator of an estate, who is wrongfully detaining possession of the property from such owner, where there is no question of a divided interest or ownership between such owner and the estate. (Lingler v. Wesco, Admr., 79 Ohio St., 225, distinguished.)
 {¶ 33} Here, the appellees did not claim ownership of the motor and the record does not indicate that the motor passed through the estate of the appellant's mother or father as the property of either decedent. The municipal court is vested with subject matter jurisdiction over an action for the recovery of personal property for which the court of common pleas has jurisdiction. R.C. 1901.18. Therefore, in the instant case, we find that the municipal court had subject matter jurisdiction to adjudicate the appellant's action for recovery of his personal property.
Judgment is reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees his their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and DIANE KARPINSKI, J., concur.
N.B. This entry is an announcement of the court's decision. See App.R.22(B), 22(D) and 26(A); Loc.App.R.22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).
[1] Hugo v. Walton, Case No. 1118995, Cuyahoga County Court of Common Pleas, Probate Division.