BROWN ET AL. v. SOUTHERN OHIO SAVINGS BANK &
TRUST CO.

*Probate court—Jurisdiction—Separate proceeding to determine
ownership of stock inventoried in estate—Appeal lies to
common pleas court—Claimants of stock not "persons in-
terested in estate," when—Direct proceeding not barred
by failure to except to inventory.*

1. Probate court held to have jurisdiction to determine own-
ership of stock inventoried as assets of intestate's estate,
and court of common pleas had jurisdiction on appeal.
2. Claimants of certain shares of stock, inventoried as assets
of intestate's estate, *held* not barred from questioning
ownership by failure to file exceptions to inventory with-
in six months, but could raise question by direct proceed-
ing in probate court, since they are not "persons inter-
ested in the estate" within statute providing for such
exceptions.

(Decided June 14, 1926.)

ERROR: Court of Appeals for Hamilton county.

*Mr. John C. Healy,* for plaintiffs in error.
*Mr. Malcolm McAvoy* and *Mr. Amos P. Foster,*
for defendants in error.

BY THE COURT. Two cases of the same title, Nos.
2817 and 2875, were consolidated, and here heard
as one. As we view the record, but two questions
are made:

First. Did the probate court have jurisdiction
to determine the question of ownership in the pro-
ceeding filed for that purpose, and did the court
of common pleas have jurisdiction to determine
this question on appeal?

Second. If the court had jurisdiction, the question to be determined is the ownership of the 98 shares of stock of the Auburndale Realty Company, inventoried as assets of the estate of William Brown, deceased, and now claimed by William E. Brown, Alexander McD. Brown, Bessie M. Brown, and John C. Healy, as their property.

It appears that none of these parties filed any exceptions to the inventory within six months from the filing thereof.

Defendants in error contend that the plaintiffs in error, not having filed exceptions to the inventory within the six months, are barred under the statute from prosecuting this action. Plaintiffs in error contend to the contrary, and argue that the probate court and the court of common pleas, on appeal, were without jurisdiction to determine the question.

At the hearing, the court heard and passed upon exceptions to the account of the administrator of the estate of William Brown, deceased, with reference to the allowance of administrator's and attorney's fees.

Most of the record and the briefs is taken up in charging counsel for the administrator with gross misconduct, and with the defense thereof.

Our conclusion in the case before us is that the probate court, under its general powers to consider all questions necessary in the settlement of estates, had authority to pass upon the questions involved, and, in consequence, the court of common pleas had jurisdiction, on appeal, to determine the questions.

It appears from the record that the court of

common pleas, upon hearing, took the position that the claimants to the property were barred from questioning the ownership by reason of failure to file exceptions to the inventory within the six-month provision, and thereupon excluded all evidence relative to the ownership offered and sought to be introduced by plaintiffs in error.

The statute provides that persons interested in the estate may file exceptions to the inventory. We are of opinion that ''persons interested,'' as used in the statute, does not relate to parties claiming ownership of property inventoried in the estate. Such claimants may raise the question in that way, which would be an indirect way of raising it. They may raise the question directly any time before the property is disposed of, and distribution made, by either a direct proceeding in the probate court, or by a separate action filed in the court of common pleas for that purpose. They took the method of testing their ownership by direct action in an application in the probate court for the return of the property to them. They were therefore within their rights in the proceedings had, and the court of common pleas was in error in excluding the evidence as to the ownership of the property.

The judgment entered in the common pleas court shows that while the court refused to hear evidence on the question of ownership it did enter a decree finding the ownership to be in the estate.

The fees allowed the administrator and its attorneys will depend upon the determination of the ownership of this property. The estate is large or small, turning on that question. If the court should determine the property to be the property

of the claimants, the fees would be open to adjustment. If it should be determined that the property in question is property of the estate, then the fees are reasonable, in our judgment.

For error in excluding testimony as to the ownership of the property, the judgment will be reversed, and the cause remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

BUCHWALTER, P. J., HAMILTON and CUSHING, JJ., concur.