## Russ *v.* Wilson, Exr.

(Decided April 15, 1927.)

*Mr. H. D. Gatch* and *Messrs. Murphy, Joseph & Murphy,* for plaintiff in error.

*Messrs. Stephenson & Stephenson,* and *Mr. C. B. Nichols,* for defendant in error.

HAMILTON, P. J. The action primarily involves the ownership of moneys, securities, and other chattels in the possession of William Wilson at the time of his death.

The defendant and cross-petitioner in error, Bert Wilson, as executor of the estate of William Wilson, deceased, filed a petition in an action against plaintiff in error, William C. Russ, defendant below.

There are eight causes of action in the petition.

The first cause of action relates to $870.70 in money, which the plaintiff executor claims the defendant, Russ, removed from the residence of the deceased, and appropriated wrongfully to his own use, and refused to deliver to the plaintiff executor of the estate.

The other seven causes of action relate to specific chattel property in the form of checks, certificates of deposit, and other evidences of property, together with a building and loan pass book.

An answer was filed by Russ in which he claims ownership of the property, that it is his property, and that he is entitled to the immediate possession of it.

A reply was filed, denying generally the allegations of the answer.

A jury was waived, and the cause was tried to the court, by agreement. At the conclusion of the hearing, the trial court found for the executor on the first cause of action, and rendered judgment for the amount claimed, but found that he was without jurisdiction to grant the relief prayed for in the other seven causes of action set forth in the petition, and, as to those seven causes of action, dismissed the petition.

Both parties excepted to the judgment of the court, and the case is here on the petition in error of the defendant, Russ, to the finding of the court on the first cause of action, and the cross-petition of the plaintiff, executor, to the dismissal of the other seven causes of action for want of jurisdiction.

The bill of exceptions shows that the case was fully tried on the theory of a gift *causa mortis*, the defendant, Russ, claiming that, a few days prior to his death, the decedent gave him a certain trunk, which contained all of the property in question, and gave him the key to the trunk; that, by reason of this gift, he was the owner of the property. Quite a large amount of evidence was submitted bearing on the question of a gift *causa mortis*.

To enable the court to render the judgment that it did on the first cause of action, as to the money, it must have found that there was no gift *causa mortis*, and this finding would apply to the other property in question with like force, as the evidence referred to the contents of the trunk, which, as above stated, contained all of the property in question.

The point is made by the plaintiff in error that the court had no jurisdiction to determine any question in the case, for the reason that there was a misjoinder of causes of action. There was no misjoinder of causes of action. Section 11306, General Code, authorizes a joinder of such actions. All the transactions in question were connected with the same subject of action. The action would also be authorized by Section 10857, General Code. Moreover, the question of misjoinder must be raised by demurrer, or by answer. If the question is not made

in either way, the objection is waived. Section 11311, General Code.

So, stripped of all technicalities, the case resolves itself into a trial of the right of ownership of the property. The trial court must have taken the view that, inasmuch as the executor, by agreement, was already in possession of the property described in the seven causes of action which it dismissed, it was without jurisdiction to determine the ownership. It must have considered that that question would have to be tried out through the administration proceedings, by a claim against the executor. If this was the view of the court, it was in error.

This court held in the case of *Brown* v. *Southern Ohio Savings Bank & Trust Co.*, 22 Ohio App., 324, 153 N. E., 864, decided June 14, 1926, that the question of ownership of property could be raised by direct and separate action, filed in the court of common pleas for that purpose.

On the record, the trial court was correct in finding that there had been no gift *causa mortis,* and in rendering judgment for the money under the first cause of action. The evidence conclusively warrants the finding that there was no such gift. The properties mentioned in the other seven causes of action are clearly within this finding that there was no gift *causa mortis.* There could have been no gift of the money, without a gift of the other chattels, since all were contained in the same trunk, and the gift claimed is of the trunk with contents.

The trial court, having jurisdiction, as we have heretofore found, to consider and grant relief as to the last seven causes of action, should have found the title and ownership of the property mentioned

to be in the executor, representing the estate of William Wilson, deceased.

It being conclusively shown that there was no gift *causa mortis,* and that being the only ground under which ownership is claimed by the defendant, Russ, this court will render the judgment that the trial court should have rendered.

Coming now to render the judgment that the trial court should have rendered, we find the executor of the estate of William Wilson, deceased, to be entitled to judgment for the amount of $870.70; that the property mentioned in causes of action 2, 3, 4, 5, 6, 7, and 8 is the property of the estate of William Wilson, deceased; and that Bert Wilson, as executor, is entitled to the possession thereof.

An entry may be presented in accordance with these findings.

*Judgment accordingly.*

CUSHING and BUCHWALTER, JJ., concur.