## COOK v CRIDER, et

Ohio Appeals, 3rd Dist, Allen Co.

No. 766.   Decided Oct. 24, 1939

C. L. Fess, Lima; Lippincott & Lippincott, Lima, for appellant.

Melvin C. Light, Lima, for appellee.

## OPINION

BY THE COURT:

The court below sustained a general demurrer to the petition of the plaintiff-appellant. Plaintiff appellant declined to plead further and a judgment of dismissal was entered, and it is from this judgment this appeal on questions of law is taken.

The petition in substance alleges that the plaintiff entered into an arrangement with his daughter Carrie J. Greenleaf, whereby he placed in her hands eight hundred dollars, which the petition apparently intends to allege was his money, and that he empowered her to receive and she did receive his monthly old age pension checks to the amount of five hundred dollars, and that she also took possession of his household goods and other personal property of the original value of two hundred dollars. It further alleges that there has been an accounting of four hundred dollars of this money. In other words, the appellant and his daughter created a trust whereby she was acting as trustee for her father. The terms and conditions of the trust are not recited in the petition, but if the daughter were the defendant in this action, the petition recites facts sufficient to have required an accounting from the daughter of the trust fund.

The petition further recities that Carrie J. Greenleaf died. There is no allegation in the petition that there was any claim filed by plaintiff with her personal representative on account of said trust fund.

The petition further alleges that one Morris D. Greenleaf was the sole devisee of Carrie J. Greenleaf and settled her estate and succeeded to all the property of said Carrie J. Greenleaf, including the funds held by her in trust for this plaintiff, and said household goods and tools.

The petition further alleges that the defendants Harvey A. Crider and Laura G. Crider are the sole devisees of Morris B. Greenleaf and came into possession of all said monies and property by reason of the said defendants being said sole devisees. It does not allege that any claim was filed by the plaintiff with the administrator of Morris D. Greenleaf's estate on account of said trust fund nor does it allege that the estate of Morris D. Greenleaf has been administered or closed. The prayer of the petition is for damages in the sum of eleven hundred dollars.

"The nature of the relief must be determined from the allegations of the petition. Even though the pleader is mistaken in the relief he asks yet if the facts stated show him to be entitled to relief the court will give such relief as the case may require." **31 O. Jur. 630.**

As above stated, the allegations of the petition are sufficient if the daugh-

ter Carrie J. Greenleaf had been a party to the action, to require an accounting from her of the trust funds.

"No right is more fully recognized than the right of a cestui que trust to pursue and recover trust funds wrongfully diverted, provided their identity has not been lost and they have not passed into the hands of a bona fide purchaser for a valuable consideration without notice. Whenever property in its original state and form has once been impressed with a trust, no subsequent change of such state and form can divest it of its trust character, so long as it is capable of clear identification; and the beneficiary of the trust may pursue and reclaim it in whatever form he may find it, unless it has passed into the possession of a bona fide purchaser without notice." 26 R. C. L. 1348, 1349.

"The true owner of a trust fund traced to the possession of another has the right to have it restored, not as a debt due and owing, but because it is his property wrongfully withheld from him." 26 R. C. L. 1351.

"As long as it is not held by a bona fide holder, the trust attaches to the property through all its mutations, and the right to follow it ceases only when the means of ascertainment fails." 26 R. C. L. 1354.

■ The right of the beneficiary of a trust to have the trust fund restored not being in the nature of a debt due and owing, it was not essential to the preservation of such right in the instant case for the plaintiff to file a proof of claim against either the estate of his daughter Carrie J. Greenleaf the original trustee or the estate of Morris D. Greenleaf who is alleged to have come into possession of said trust fund as sole devisee of said Carrie J. Greenleaf. Under the allegations of the petition said Morris D. Greenleaf came into the possession of said trust fund as sole devisee of Carrie J. Greenleaf the trustee thereof, and the defendants Harvey A. Crider and Laura G. Crider came into possession of said trust fund as sole devisees of Morris D. Greenleaf, and not as bona fide purchasers for valuable considerations without notice.

Neither Morris D. Greenleaf nor the defendants under the allegations of the petition being bona fide purchasers for value without notice the trust attaches to the property through all its mutations, and the plaintiff has the right to pursue and recover said trust fund from the defendants upon proof and ascertainment of identity as alleged in the petition.

Upon the allegations of the petition the plaintiff is not entitled to relief by way of judgment for damages which he asks but he is entitled in equity, on the allegations of the petition, to recover from the defendants the corpus of the trust fund coming into their hands in the manner alleged in the petition.

Under the rule hereinbefore quoted, the fact that the plaintiff was mistaken in the relief which he asks would not preclude him from the relief to which he is entitled. This being the case, the petition states a cause of action and the common pleas court erred in sustaining the general demurrer to the petition and dismissing the same, and for this reason the judgment will be reversed at the costs of appellee, and cause remanded to the Court of Common Pleas with instructions to overrule the demurrer, and for further proceedings according to law.

CROW, PJ., KLINGER and GUERNSEY, JJ., concur.