IN RE ESTATE OF ETZENSPERGER, DECEASED.

[Cite as In re Estate of Etzensperger (1984), 9 Ohio St. 3d 19.]

(No. 83-64—Decided January 11, 1984.)

*Mr. Stephen E. Cottrell,* for appellant.

*Messrs. Tone, Maddrell, Eastman & Grubbe* and *Mr. Barry W. Vermeeren,* for appellees.

*Per Curiam.* The question presented is whether the probate court was empowered to impress a constructive trust upon the savings bonds in a hearing on exceptions.

"The hearing of exceptions to an inventory under Section 2115.16, Revised Code, is a summary proceeding conducted by the Probate Court to determine whether those charged with the responsibility therefor have included in a decedent's estate more or less than such decedent owned at the time of his death." *In re Estate of Gottwald* (1956), 164 Ohio St. 405 [58 O.O. 235], paragraph one of the syllabus.

Appellant would rely on R.C. 2101.24 and paragraph two of the syllabus in *Gottwald* to support his contention that the probate court had authority in the hearing on exceptions to impress a constructive trust upon the bonds purchased by the decedent. R.C. 2101.24 states in relevant part as follows:

"The probate court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

Appellant argues that R.C. 2101.24 is a broad grant, and consistent therewith the probate court could exercise its discretion and impress a constructive trust for his benefit. This argument assumes that appellant's claim to the bonds was a "matter properly before the court." This assumption is unwarranted.

As appellees note, "[t]he sole matter before the trial court at the hearing on the exceptions was whether the bonds belonged in the estate. * * * The issue of the fraudulent appropriation of the purchase money for the bonds * * * was an improper presentment of a claim against the estate * * *." The basis for appellant's assertion of an equitable interest in the bonds was his late wife's allegedly fraudulent use of his funds to purchase the bonds. Appellant's claim is not directed at the bonds themselves, but is focused on one half of the funds and the increment thereon, of which he was allegedly defrauded. For this reason appellees' characterization of appellant's interest as an "unliquidated tort claim" is correct, as is their contention that an unliquidated tort claim against the estate by an executor or administrator should be presented pursuant to R.C. 2117.02.[1] Presentation of a claim in a hearing on exceptions under R.C. 2115.16 may not be substituted for the timely presentation of a claim against the estate consistent with the procedures set forth in R.C. Chapter 2117. Accordingly, appellant's fraud claim was not properly before the court for purposes of R.C. 2101.24 in the hearing on exceptions.

Appellant would also rely on paragraph two of the syllabus in *Gottwald, supra,* which states that, "[i]ncidental to such hearing, the Probate Court can

---

[1] "An executor or administrator within three months after the date of his appointment shall present any claim he has against the estate to the probate court for allowance. The claim shall not be paid unless allowed by the court. When an executor or administrator presents a claim amounting to five hundred dollars or more, the court shall fix a day not less than four nor more than six weeks from its presentation, when the testimony touching it shall be heard * * *."

determine title to personal property included in such inventory, but it is a matter of discretion whether such summary proceeding shall be employed or the exceptor ordered to pursue other remedies." It is appellant's position that the court of appeals' ruling narrows *Gottwald* to the extent that it divests the probate court of the discretion afforded by paragraph two of the syllabus in *Gottwald*. This contention is without merit.

In the instant case, the probate court made two implicit preliminary findings before ordering the impressment of the constructive trust. The court necessarily determined (1) that the bonds were not estate assets, and (2) that the exceptors had title to the bonds prior to its consideration of appellant's asserted equitable interest. The first two steps of the probate court's analysis correspond to the first two paragraphs of the syllabus in *Gottwald*. The final step taken by the probate court, impressment of constructive trust on the bonds, transcends *Gottwald*. This court stated in *Gottwald,* at page 411, that R.C. 2115.16 "does not expressly provide for the impressing of a resulting or implied trust * * * [and] [s]uch jurisdiction ought not to be implied * * *." Thus, the probate court was without authority under R.C. 2115.16 to impress a constructive trust on the bonds and, as we previously noted, the matter was not properly before the court under R.C. 2101.24.

For the reasons hereinbefore stated the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.