[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 299.]

LEWIS, ADMR., F.K.A. RIPPE, APPELLANT, *v.* STEINREICH, EXR., APPELLEE.

[Cite as *Lewis v. Steinreich,* 1995-Ohio-133.]

*Probate court—Presentment requirements of R.C. 2117.06 cannot be applied to bar claim of an owner who seeks to recover assets wrongfully held in an estate.*

The presentment requirements of R.C. 2117.06, the creditor's claim statute, cannot be applied to bar the claim of an owner who seeks to recover assets wrongfully held in an estate.

(No. 94-339—Submitted April 26, 1995—Decided August 23, 1995.)

APPEAL from the Court of Appeals for Summit County, No. 16203.

———————————

{¶ 1} Edwin Louis Rippe ("Rippe") died testate on April 22, 1986, in Dade County, Florida. Prior to his death, Rippe had opened two brokerage accounts for the purpose of managing and trading various securities. Both brokerage accounts named Rippe and his only child, Karen Steinreich ("Steinreich"), as joint tenants with right of survivorship. Accordingly, sometime after Rippe's death, the executor of Rippe's estate delivered assets from the brokerage accounts to Steinreich, who resided in Summit County, Ohio.

{¶ 2} In March 1988, Evelyn Rippe Lewis ("Lewis"), Edwin Rippe's widow, was appointed as administrator *ad litem* of Rippe's estate. As administrator ad litem, Lewis was given authority to institute legal actions against Steinreich to recover the assets of the brokerage accounts on behalf of Rippe's estate. On November 19, 1988, Steinreich died testate in Summit County, Ohio. Karen's husband, Steven Steinreich, became executor of her estate.

{¶ 3} On April 10, 1990, Lewis, in her capacity as administrator *ad litem* for Rippe's estate, filed a declaratory judgment action against Steinreich's estate in

the Summit County Court of Common Pleas, Probate Division. Lewis sought to regain possession or control of the brokerage accounts or their proceeds as assets belonging to Rippe's estate. Applying Ohio law, the probate court found from the facts and evidence that, at the time Rippe placed the assets in the joint and survivorship brokerage accounts, he had no intent to give Steinreich a present interest in the assets.[1] It concluded, therefore, that the property belonged to Rippe's estate. The probate court then ordered Steinreich's estate to transfer to Rippe's estate an amount equal to the combined value of the assets derived from the brokerage accounts at the time Steinreich took possession of the assets.

{¶ 4} The executor of Steinreich's estate appealed to the Ninth District Court of Appeals. The appeals court reversed the probate court's declaratory judgment on an entirely different basis, holding that Lewis failed to present her claim to Steinreich's estate within the time allowed by R.C. 2117.06, the creditor's claim statute.

{¶ 5} The cause is now before this court upon the allowance of a discretionary appeal.

---

*Porter, Wright, Morris & Arthur, Herbert L. Braverman* and *Joyce Metti Papandreas; Gustafson, Stephens, Ferris, Forman & Knight, P.A.*, and *Peter J. Forman,* for appellant.

*Goldman & Rosen* and *Samuel Goldman*, for appellee.

---

1. In accordance with this court's recent holding in *Wright v. Bloom* (1994), 69 Ohio St.3d 596, 635 N.E.2d 31, paragraph two of the syllabus, Ohio courts no longer consider evidence concerning the present donative intent of the decedent because the opening of the joint and survivorship account is conclusive evidence of the decedent's intent to transfer a survivorship interest in the balance of the account's assets at his death.

**COOK, J.**

{¶ 6} This case presents several issues for review. First we determine that R.C. 2117.06, a procedural statute requiring the presentment of creditors' claims within a limited time, does not apply to actions in which a party claims ownership of property alleged to be wrongfully withheld by an estate. We also find that Florida has the most significant contacts with the present case and, therefore, Florida law controls the determination of the rightful ownership of the brokerage account assets. Finally, after finding that competent, credible evidence supports the probate court's factual determination that Rippe did not intend to give Steinreich a present interest in the joint and survivorship brokerage account assets, we uphold the probate court's declaratory judgment that Steinreich had no valid survivorship interest and that the assets derived from the joint and survivorship brokerage accounts belong to Rippe's Florida estate.

I

R.C. 2117.06

{¶ 7} With her first proposition of law, Lewis argues that the appeals court erred in applying R.C. 2117.06 to preclude her claim of ownership of the brokerage account assets. At the time that Lewis filed her declaratory judgment action, R.C. 2117.06 required that "[a]ll creditors having claims against an estate, including claims arising out of contract," present their claims within three months after the appointment of the executor or administrator.[2] R.C. 2117.06 (A) and (B). (142 Ohio Laws, Part I, 1021-1022.) The appeals court reasoned that because Ohio law has traditionally applied contract principles in cases involving joint and survivorship interests, Lewis's claim concerning whether Steinreich's estate is entitled to possession and control of these joint and survivorship assets was a claim

---

2. R.C. 2117.06(B) has since been amended to require presentment of creditors' claims "within one year after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that one-year period." 143 Ohio Laws, Part III, 4549.

"arising out of contract" for purposes of applying R.C. 2117.06. As Lewis failed to comply with R.C. 2117.06 in bringing her declaratory judgment action, the appeals court held that her claim was barred. We differ with the appeals court's analysis.

{¶ 8} We find that Lewis's ownership claim is not a creditor's claim within the meaning of R.C. 2117.06. The presentment requirements of R.C. 2117.06 apply only to those claims which may be allowed as debts payable out of the assets of an estate. *Staley v. Kreinbihl* (1949), 152 Ohio St. 315, 327, 40 O.O. 361, 366, 89 N.E.2d 593, 599 (interpreting G.C. 10509-112, the precursor to R.C. 2117.06). Lewis, however, is not claiming an interest in any part of the assets rightfully found in Steinreich's estate. Instead, she claims a right on behalf of Rippe's estate to recover assets she alleges are wrongfully held in Steinreich's estate. "'The true owner of [property] traced to the possession of another has the right to have [the property] restored, not as a debt due and owing, but because it is his property wrongfully withheld from him.'" *Id.* at 327, 40 O.O. at 366, 89 N.E.2d at 600, quoting *Cook v. Crider* (1939), 63 Ohio App. 12, 14-15, 16 O.O. 256, 257, 24 N.E.2d 966, 968. When property held by the decedent at the time of her death is actually owned by another from whom possession is wrongfully withheld, such property is not property belonging to the estate and the party claiming ownership is not a creditor of the estate. *Spaceway Distrib. & Storage Co., Inc. v. Williamson* (1987), 41 Ohio App.3d 187, 190, 535 N.E.2d 321, 324, citing *Service Transport Co. v. Matyas* (1953), 159 Ohio St. 300, 303, 50 O.O. 298, 299, 112 N.E.2d 20, 22. "[E]xecutors have no right or power to administer assets which do not belong to [an] estate." *Staley*, 152 Ohio St. at 327, 40 O.O. at 366, 89 N.E.2d at 599. As Lewis asserts that the brokerage account assets do not belong to Steinreich's estate, she has no debt to claim against the estate's assets and, therefore, did not have to present her claim to Steinreich's estate in accordance with R.C. 2117.06. *Service Transport*, 159 Ohio St. at 303, 50 O.O. at 299, 112 N.E.2d at 22.

**{¶ 9}** While we recognize that applying R.C. 2117.06 to ownership claims would further the state's legitimate interest in the prompt, efficient administration of decedents' estates, we also recognize that, unlike most debtor/creditor claims, claims concerning title and ownership may not surface for many years after a transaction takes place, making it more likely that valid ownership claims will be cut off by the intervening death of a principal to the transaction if R.C. 2117.06 is so applied. We do not find that the state's interest in the finality of estate administration outweighs a party's interest in recovering possession of property wrongfully withheld from him.

**{¶ 10}** We thus hold that the presentment requirements of R.C. 2117.06, the creditor's claim statute, cannot be applied to bar the claim of an owner who seeks to recover assets wrongfully held in an estate. As we find that Lewis's first proposition of law is well taken, we need not consider Lewis's second proposition of law, in which she claims that a declaratory judgment action pursuant to R.C. Chapter 2721 is an independent, alternative remedy not subject to the requirements of R.C. 2117.06. We also need not consider Lewis's third proposition of law, in which she asserts that she should be given the opportunity to prove that she complied with the presentment requirements of R.C. 2117.06.

II

Conflict of Laws

**{¶ 11}** As Ohio procedural law does not bar the present action, we now consider whether Ohio or Florida law controls our determination of which estate is entitled to possession and control of the assets of the two joint and survivorship brokerage accounts. In making choice-of-law determinations, this court has adopted the theories stated in the Restatement of the Law 2d, Conflict of Laws. *Morgan v. Biro Mfg. Co., Inc.* (1984), 15 Ohio St.3d 339, 341-342, 15 OBR 463, 465, 474 N.E.2d 286, 288-289. Accordingly, we look to which state has the most significant contacts with the brokerage accounts and assets that are the focus of this

ownership dispute. See 1 Restatement of the Law 2d, Conflict of Laws (1971) 10, Section 6.

{¶ 12} In its determination of the choice-of-law question, the probate court relied heavily on the fact that the assets are now located in an Ohio estate to find that Ohio has the most significant contacts with the present dispute and, therefore, Ohio law controls. First, we note that this case involves the administration of two estates, Steinreich's in Ohio and Rippe's in Florida. Obviously, each state has a substantial interest in the administration of estates within its borders by application of its own laws. Thus, we do not find the fact that an Ohio estate is involved conclusive of the significant-contacts test. Furthermore, the other facts of this case demonstrate that the declaratory judgment should be analyzed using Florida law.

{¶ 13} Rippe opened both of the joint and survivorship accounts at brokerage firms in Florida, where he resided. Although signatures purporting to be Steinreich's appear on the documents initiating the joint and survivorship accounts, Steinreich did not sign any paperwork at the Florida brokerage offices and, in fact, Steinreich's estate stipulated at trial that the signatures appearing on the documents are not Steinreich's. Rippe, an avid stock trader, exercised complete dominion and control over the assets while living in Florida. He dealt with Florida stockbrokers when managing the assets in the brokerage accounts, often contacting the agents on a frequent, if not daily, basis. During the entire time that the joint and survivorship accounts were active, the brokerage firms neither received communications from Steinreich in Ohio nor mailed information concerning the accounts to Steinreich in Ohio. Rippe received all of the stock certificates and any dividends paid on the accounts personally or at his address in Florida. Finally, Steinreich's claim of ownership obviously arose at the time Rippe died in Florida.

{¶ 14} From the foregoing, we conclude that no relationship existed between Rippe's joint and survivorship accounts and the state of Ohio. In fact, it appears that Steinreich did not know that the Florida accounts existed until she was

contacted by Rippe's estate after Rippe's death. Moreover, any connection between the assets and Ohio occurred only after Rippe's death. Although an Ohio estate (Steinreich's) is a party to the declaratory judgment, its administration is only incidental to resolving this controversy. Because Florida has the most significant contacts with the account agreements and assets that are the subject of this dispute, Florida law controls our analysis of Lewis's claim.

III

Florida Law

**{¶ 15}** Having concluded that Florida law, rather than Ohio law, controls the resolution of this declaratory judgment action, we next outline the common law of Florida delimiting joint and survivorship interests. Before discussing the relevant Florida law, however, we note that, at the time the Summit County Probate Court decided this claim and the Ninth District Court of Appeals reviewed it, Ohio and Florida laws concerning joint and survivorship interests were virtually identical. As the probate court explained, courts of both states looked to evidence of the decedent's intent to transfer a present interest in the joint and survivorship assets to the surviving party during the decedent's lifetime to determine whether the assets belonged to the surviving party upon the decedent's death. *Kuebler v. Kuebler* (Fla.App.1961), 131 So.2d 211, 215, and *In re Estate of Thompson* (1981), 66 Ohio St.2d 433, 20 O.O.3d 371, 423 N.E.2d 90, paragraph two of the syllabus. However, while the current case was pending, this court decided *Wright v. Bloom* (1994), 69 Ohio St.3d 596, 635 N.E.2d 31, in which we held that, "[t]he opening of a joint and survivorship account in the absence of fraud, duress, undue influence or lack of capacity on the part of the decedent is conclusive evidence of his or her intention to transfer to the surviving party or parties a survivorship interest in the balance remaining in the account at his or her death." Id. at paragraph two of the syllabus, overruling *In re Estate of Thompson* (1981), 66 Ohio St.2d 433, 20 O.O.3d 371, 423 N.E.2d 90, paragraph two of the syllabus. Therefore, Steinreich's

estate correctly argues that had we found Ohio law controlling in Part II of this opinion, we would have been required to reverse the probate court's judgment based on the law of *Bloom*. See *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 210, 57 O.O. 411, 129 N.E.2d 467, 468. Having rejected the probate court's conclusion that Ohio law controls the present case, however, we now turn to our discussion of the applicable Florida law.

{¶ 16} Under long-standing Florida law, in order for a valid joint and survivorship interest to be created in stock, the decedent must make an *inter vivos* gift of an interest in the stock to the surviving party during the decedent's lifetime. *Kuebler v. Kuebler*, 131 So.2d at 218 (on rehearing); see, also, *Sullivan v. Am. Tel. & Tel. Co., Inc.* (Fla.App.1969), 230 So.2d 18, 20. Although registering the stock in the name of two persons creates a presumption of an *inter vivos* gift, that presumption is not conclusive and may be rebutted with evidence that the decedent failed to fulfill the essential elements of a valid *inter vivos* gift. *Kuebler v. Kuebler*, 131 So.2d at 218. One of those essential elements is present donative intent. *Id*. If the evidence demonstrates that the decedent did not intend to make a gift of the stock or any interest in the stock to the surviving party at the time the stock was issued or at any time during the decedent's life, the decedent did not have present donative intent and the alleged joint and survivorship interest must fail. *Id*. at 218-219. Moreover, "[i]f the intention of the donor is that nothing is to vest until [the donor's] death, the transaction is testamentary in character and will fall unless it conforms with the formal requirements of the law relating to testamentary disposition of property." *Id*. at 215.

{¶ 17} After reviewing the record in this case, we find that competent, credible evidence supports the probate court's factual determination that Rippe did not have the requisite intent to give Steinreich a present interest in the two joint and survivorship brokerage accounts during his lifetime and that, at most, Rippe was attempting to make a testamentary disposition of the account assets without

fulfilling the formal requirements for such dispositions. See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. According to Florida law, because Rippe did not have the requisite present donative intent, he did not make a valid *inter vivos* gift of an interest in brokerage accounts to Steinreich and Steinreich's alleged joint and survivorship interest must fail. Rippe's estate, therefore, erroneously transferred the accounts' assets to Steinreich. Thus, we uphold the probate court's declaratory judgment that Rippe's estate is the rightful owner of the assets derived from the brokerage accounts and Steinreich's estate must return the assets to Rippe's estate in an amount equal to the combined value of the assets at the time Steinreich took possession of them. Lewis's fourth proposition of law is well taken.

{¶ 18} The judgment of the court of appeals is reversed and the judgment of the probate court is reinstated based on the application of Florida law.

*Judgment reversed.*

Moyer, C.J., Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., concurs in part and dissents in part.

———————————

**PFEIFER, J., concurring in part and dissenting in part.**

{¶ 19} I dissent only from the majority's decision to reinstate the probate court's judgment, which court originally decided the case pursuant to Ohio law. I would remand the case to the probate court, so that it can apply Florida law to the unique facts of this case.

———————————