BISHOP, Appellant,

v.

BISHOP et al., Appellees.

[Cite as *Bishop v. Bishop,* 188 Ohio App.3d 98, 2010-Ohio-2958.]

Court of Appeals of Ohio,
Fourth District, Jackson County.

Nos. 09CA3 and 09CA4.

Decided June 22, 2010.

Gilliland, Gilliland, and Gilliland, and Kyle R. Gilliland, for appellant.

Gregory Wayne Bishop, pro se.[1]

Per Curiam.

{¶ 1} Appellant, Felix Bishop, appeals the dismissal of his claims by the Jackson County Common Pleas Court, as well as the trial court's subsequent denial of his Civ.R. 60(B) motion. On appeal, appellant raises three assignments of error, contending that (1) the trial judge committed prejudicial error by dismissing the complaint, in that the court did have jurisdiction to grant one or more aspects of the relief demanded, (2) the trial judge committed prejudicial error by denying appellant's Civ.R. 60(B) motion, and (3) the trial judge committed prejudicial error by failing to grant appellant's motion for default judgment and to strike the purported answer. Because we find that the trial court erred in dismissing appellant's claim for lack of subject-matter jurisdiction, we sustain appellant's first assignment of error and reverse the trial court's dismissal of appellant's complaint. In light of our disposition of appellant's first assignment of error, appellant's second assignment of error has been rendered moot. Further, because the record reflects that the trial court failed to rule on appellant's pending motions for default judgment and motion to strike, we decline to address these issues for the first time on appeal. Accordingly, the judgment of the trial court is reversed and this matter is remanded.

---

1. Appellee Gregory Bishop was pro se at the trial court level. The record further indicates that Gregory Bishop is the only appellee participating both below and on appeal, and he is proceeding pro se.

FACTS

{¶ 2} Appellant, Felix Bishop, filed a complaint in the Jackson County Court of Common Pleas on January 21, 2009, naming as defendants Randall, Gregory, Richard, and Debbie Bishop.[2] Randall, Gregory, and Richard are appellant's nephews, sons of appellant's deceased brother, Carl Bishop. Debbie Bishop is the wife of Randall. In the complaint, appellant alleged that upon making the decision to relocate from Texas to Jackson County, Ohio, at the age of 82, he entered into an agreement with his brother Carl, whereby Carl would act on appellant's behalf, as his agent, in order to negotiate the purchase of a home for appellant. Appellant alleged that pursuant to this agreement, Carl purchased real estate and a mobile home from Donald and Wanda Lytle and paid for them with two checks written from appellant to Carl, totaling $52,000. Appellant alleged that Carl made all the closing arrangements but instead of having the property placed in appellant's name, Carl placed both the real property and the mobile home in his own name and had a separate deed drafted that granted appellant a life estate only in the real estate.

{¶ 3} Appellant alleged that he moved onto the property and that when he questioned his brother Carl about obtaining a copy of the deed, Carl informed him that it was still at the courthouse. Appellant claimed that he did not find out about Carl's actions until some later point, at which time he confronted Carl and Carl agreed to transfer the property to appellant. Appellant further alleged that some of the defendants interfered with the planned transfer and that Carl died on August 29, 2006, without having transferred the property to appellant.

{¶ 4} Appellant alleged that Carl's estate was administered in the Jackson County Probate Court and that as part of the administration of the estate, the property at issue was transferred to Randall, Gregory, and Richard. Appellant claimed that he was entitled to relief based upon theories of mutual mistake, unjust enrichment, breach of fiduciary duty, self dealing, and conversion. As a result, appellant demanded that the court reform the deeds to the real estate, the certificate of title to the mobile home, and the certificates of transfer of each ordered by the probate court. Appellant further demanded that the court impose a constructive trust over both the real and personal property and order appellees to transfer the title and deeds to appellant.

{¶ 5} A review of the record reveals that none of the appellees, with the exception of Gregory Bishop, filed an answer to the complaint below. Although Gregory filed a document purporting to be a pro se answer, the document failed to include a certificate of service. Appellant filed a motion for default judgment

---

2. Appellant also initially named Jane A. and Jane B. Doe, possible spouses of Gregory and Richard, but later dismissed them.

on February 19, 2009, requesting that the court grant judgment in his favor against Randall, Richard, and Debbie Bishop. Then, on March 3, 2009, appellant filed a motion for default judgment and motion to strike against Gregory, requesting that the court strike Gregory's answer.

{¶ 6} After these motions were filed, the trial judge recused himself due to a conflict of interest raised by appellee Gregory Bishop, and a new judge was appointed. By order dated April 15, 2009, the trial court ordered that appellant brief the issue whether the common pleas court had jurisdiction over the claims that had been raised. Appellant filed a memorandum on jurisdiction on April 29, 2009; however, on May 7, 2009, the trial court sua sponte dismissed appellant's complaint for lack of subject-matter jurisdiction. The trial court seemed to base its decision largely on the fact that the property at issue, the real estate and the mobile home, had already been disposed of and distributed by the probate court during the administration of Carl's estate. The trial court also appears to have based its decision, in part, on the fact that no claim had been filed against Carl himself, his administrator, or his estate. In dismissing appellant's complaint based upon lack of jurisdiction, the trial court did not reach the merits of appellant's pending motions for default judgment and to strike.

{¶ 7} Appellant then filed a supplemental memorandum of jurisdiction on May 11, 2009, which the trial court refused to consider by order dated May 19, 2009, treating it as an improper motion for reconsideration. On the same day, appellant filed a motion to vacate pursuant to Civ.R. 60(B), which was subsequently denied by the trial court. Appellant filed separate notices of appeal from the dismissal of his complaint and the denial of his Civ.R. 60(B) motion; however, these cases have been consolidated for consideration by this court. On appeal, appellant raises the following assignments of error for our review.

## ASSIGNMENTS OF ERROR

I. The trial judge committed prejudicial error by dismissing the complaint, in that he did have jurisdiction to grant one or more aspects of the relief demanded.

II. The trial judge committed prejudicial error by denying the plaintiff's Rule 60(b) motion.

III. The trial judge committed prejudicial error by failing to grant plaintiff's motion for default judgment and to strike the purported answer.

## ASSIGNMENT OF ERROR I

{¶ 8} In his first assignment of error, appellant contends that the trial judge committed prejudicial error by dismissing the complaint because the trial court

had jurisdiction to grant one or more aspects of the relief demanded. The relief demanded by appellant in his complaint included the reformation of several documents (the deed from Lytle to Carl, the mobile-home title from Lytle to Carl, and the deed from Carl to Felix, as well as the certificate of transfers and mobile-home title ultimately placing the real property and mobile home in the hands of appellees through the estate-administration process) and the imposition of a constructive trust over the property at issue, ordering that appellees transfer the title to the mobile home and the deed to the real property to appellant. However, the common pleas court dismissed the case, citing lack of subject-matter jurisdiction over the issues raised by appellant, and essentially directed appellant to pursue his remedies in probate court.

{¶ 9} None of the defendants below, with the exception of Gregory Bishop, has filed a brief in this matter. Appellee Gregory Bishop filed a pro se brief, simply contending that because the Jackson County Common Pleas Court, Probate Division, awarded him an interest in the property at issue as part of the administration of Carl Bishop's estate, he and his brothers, not appellant, own the property.

{¶ 10} As this court has previously noted, "[t]he legal standard for deciding a motion to dismiss pursuant to Civ.R. 12(B)(1) is 'whether any cause of action cognizable by the forum has been raised in the complaint.' " *Roll v. Edwards,* 156 Ohio App.3d 227, 2004-Ohio-767, 805 N.E.2d 162, ¶ 15, quoting *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641. This determination involves a question of law that we will review de novo. Id., citing *Shockey v. Fouty* (1995), 106 Ohio App.3d 420, 424, 666 N.E.2d 304.

{¶ 11} The probate court is a court of limited and special jurisdiction. It has only the powers granted to it by statute. *Corron v. Corron* (1988), 40 Ohio St.3d 75, 77, 531 N.E.2d 708; *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 34, 22 OBR 27, 488 N.E.2d 210. In enacting R.C. 2101.24, the General Assembly has specifically set forth those matters that are properly placed before the probate court. Those matters that may be properly and exclusively placed before the court are enumerated and limited in scope by R.C. 2101.24(A)(1)(a) to (ee). In addition to those matters over which the probate court has exclusive jurisdiction, R.C. 2101.24(B)(1) provides: "The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas * * * to hear and determine * * *: (a) If jurisdiction relative to a particular subject matter is stated to be concurrent in a section of the Revised Code or has been construed by judicial decision to be concurrent, any action that involves that subject matter."

104

{¶ 12} Further, R.C. 2101.24(C) provides: "The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." While the powers of the probate division are plenary, they are so only with respect to matters "properly before the court." The legislative grant of plenary power to the probate court is the nature of the power and authority of the probate court to take any action that is necessary to fully dispose of any matter properly before it. *Madigan v. Dollar Bldg. & Loan Co.* (1935), 52 Ohio App. 553, 563, 6 O.O. 478, 4 N.E.2d 68. It authorizes the probate court to grant any relief required to fully adjudicate the subject matter within the probate court's exclusive jurisdiction. *State ex rel. Lewis v. Moser* (1995), 72 Ohio St.3d 25, 29, 647 N.E.2d 155, citing *Goff v. Ameritrust Co., N.A.* (May 5, 1994), Cuyahoga App. Nos. 65196 and 66016, 1994 WL 173544. We cannot interpret the statutory grant of plenary powers to enlarge the statutory grant of jurisdiction to the probate division. *Oncu v. Bell* (1976), 49 Ohio App.2d 109, 110, 3 O.O.3d 175, 359 N.E.2d 712.

{¶ 13} Thus, we must determine which court, common pleas or probate, had jurisdiction to consider the claims of appellant, as an equitable owner of real and personal property distributed as part of his brother's estate, claims for reformation and constructive trust, in light of the fact that appellant did not bring a claim against the estate while it was being administered. Appellant contends that the probate court was not the proper forum to hear his claims as an equitable owner for deed reformation and constructive trust, arguing that the probate statutes provide no means to bring such claims as part of an estate administration and that even if brought, the probate court lacked the power to grant the relief requested. Appellant relies on several cases to support his contention that the probate court was without jurisdiction to reform deeds and certificates of title to real and personal property, or to impose a constructive trust over such property, in favor of appellant as the claimed equitable owner. Appellant argues that the general division of the common pleas court was the forum possessed with jurisdiction to decide his claims and that the trial court erred in sua sponte dismissing his complaint.

{¶ 14} In *Oncu*, 49 Ohio App.2d 109, 3 O.O.3d 175, 359 N.E.2d 712, the Ninth District Court of Appeals reasoned that while an executor to a decedent's estate has the power to seek reformation of a deed executed by the decedent prior to his death, such action may not be brought in the probate court. In reaching this decision, the *Oncu* court held as follows:

1. While the powers of the probate division of the Court of Common Pleas are plenary, they are so only with respect to matters "properly before the court." R.C. 2101.24(O).

2. The probate division of the Court of Common Pleas is without jurisdiction either to reform a deed executed prior to an owners [sic] death or to order a series of conveyances to correct alleged defects in the deed.

*Oncu* at syllabus. Thus, the *Oncu* court reasoned that the probate court lacked even plenary jurisdiction over a claim requesting reformation of a deed executed by the decedent prior to his death.

{¶ 15} In his complaint, appellant also requested imposition of a constructive trust for his benefit, as an equitable owner, and requested that the court order appellees, as the current title holders, to transfer the title and deed to appellant. We first consider the definition of a constructive trust, which the Supreme Court has defined as follows:

[A] trust by operation of law which arises contrary to intention and in invitum, against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. It is raised by equity to satisfy the demands of justice.

*Ferguson v. Owens* (1984), 9 Ohio St.3d 223, 225, 9 OBR 565, 459 N.E.2d 1293, quoting 76 American Jurisprudence 2d (1975) 446, Trusts, Section 221.

{¶ 16} A constructive trust is an equitable remedy used " '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest.' " *Ferguson* at 225, 9 OBR 565, 459 N.E.2d 1293, quoting *Beatty v. Guggenheim Exploration Co.* (1919), 225 N.Y. 380, 386, 122 N.E. 378; *Cosby v. Cosby,* 96 Ohio St.3d 228, 2002-Ohio-4170, 773 N.E.2d 516, ¶ 17. The Supreme Court further stated:

A constructive trust is, in the main, an appropriate remedy against unjust enrichment. This type of trust is usually invoked when property has been acquired by fraud. However, a constructive trust may also be imposed where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud. See 53 Ohio Jurisprudence 2d (1962) 578–579, Trusts, Section 88; V Scott on Trusts (3 Ed.1967), 3412, Section 462.

*Ferguson* at 226, 9 OBR 565, 459 N.E.2d 1293.

{¶ 17} Accordingly, Ohio courts have described a constructive trust as " 'a relationship associated with property subjecting the title holder to an equitable duty to convey it to another because otherwise the title holder would be unjustly enriched.' " *Groza–Vance v. Vance,* 162 Ohio App.3d 510, 2005-Ohio-3815, 834 N.E.2d 15, ¶ 15, quoting *Union S. & L. Assn. v. McDonough* (1995), 101 Ohio

App.3d 273, 276, 655 N.E.2d 426. As explained in *Groza–Vance,* "[b]y imposing a constructive trust, a court orders a person who owns the legal title to property to hold or use the property for the benefit of another or to convey the property to another to avoid unjust enrichment." Id., citing *Everhard v. Morrow* (Dec. 2, 1999), Cuyahoga App. No. 75415, 1999 WL 1087488.

{¶ 18} We next consider appellant's arguments regarding his status in relation to the property at issue, in bringing his claims for reformation and constructive trust in the common pleas division rather than the probate division. In his brief, appellant contends that he brought his claim as an *equitable owner* of an asset listed in the inventory and distributed as part of his brother's estate. As such, he claims he was not considered a *creditor* of the estate or an *interested person* for purposes of either excepting to the inventory or bringing a creditor's claim. The trial court essentially agreed with these arguments, as do we. Nonetheless, the trial court still dismissed appellant's claims, citing lack of subject-matter jurisdiction, presumably based on the fact that the property sought by appellant had already been distributed through Carl's estate.

{¶ 19} For example, and as cited by the trial court, in *Brown v. S. Ohio Sav. Bank & Trust Co.* (1926), 22 Ohio App. 324, 153 N.E. 864, the First District Court of Appeals stated that "[t]he statute provides that persons interested in the estate may file exceptions to the inventory. We are of the opinion that 'persons interested,' as used in the statute, does not relate to parties claiming ownership of property inventoried in the estate." [3] See also *Scott v. Mofford* (1940), 64 Ohio App. 457, 18 O.O. 197, 28 N.E. 947 (allowing claimed equitable owner of property to assert her title to real estate in a subsequent action, despite failure to file exceptions to the inclusion of the property in the inventory of her father's estate); *Cole v. Ottawa Home & Sav. Assn.* (1969), 18 Ohio St.2d 1, 47 O.O.2d 1, 246 N.E.2d 542 (holding that "[t]he determination by the Probate Court in the summary proceeding provided for by Section 2115.16, Revised Code, that assets should be included in an estate makes the question of title res judicata as between all parties to the proceeding, but the judgment of the Probate Court may be attacked in a subsequent action by other interested persons who were not parties to the proceeding in Probate Court"). However, the *Brown* court further stated that "[s]uch claimants may raise the question in that way, which would be an indirect way of raising it. They may raise the question directly any time *before the property is disposed of, and distribution made, by either a direct proceeding in the probate court, or by a separate action filed in the court of common pleas for that purpose.*" (Emphasis added.) *Brown,* 22 Ohio App. at 326, 153 N.E. 864. The trial court below primarily relied on these statements by

---

**3.** The statute referred to is former G.C. 10509–59, currently R.C. 2115.16.

the court in *Brown* in dismissing appellant's claim for lack of subject-matter jurisdiction, because the property at issue had already been distributed through the administration of the estate and also because appellant had not filed a claim against Carl, his administrator, or his estate.

{¶ 20} Despite the holding in *Brown*, in *Cook v. Crider* (1939), 63 Ohio App. 12, 16 O.O. 256, 24 N.E.2d 966, paragraph one of the syllabus, the Third District Court of Appeals held:

> Trust property, passing to a devisee of a trustee as part of the trustee's estate, and subsequently, on the death of such devisee, to two devisees of the trustee's devisee, may, if capable of being traced, be recovered from such devisees by the settler-beneficiary, although no claim has been filed against the estate of either decedent.

In reaching this holding, the *Cook* court reasoned as follows:

> "The true owner of a trust fund traced to the possession of another has the right to have it restored, not as a debt due and owing, but because it is his property wrongfully withheld from him." 26 Ruling Case Law 1351, Section 216.
>
> \* \* \*
>
> The right of the beneficiary of a trust to have the trust fund restored not being in the nature of a debt due and owing, it was not essential to the preservation of such right in the instant case for the plaintiff to file a proof of claim against either the estate of his daughter, Carrie J. Greenleaf, the original trustee, or the estate of Morris D. Greenleaf who is alleged to have come into possession of the trust fund as sole devisee of Carrie J. Greenleaf.

*Cook* at 14–15, 16 O.O. 256, 24 N.E.2d 966. Thus, the court in *Cook* permitted an action by an equitable owner against second-level devisees of trust property after the property had already been distributed and the estate presumably closed. See also *Scott*, 64 Ohio App. 457, 18 O.O. 197, 28 N.E.2d 947.

{¶ 21} There is further support for appellant's contention that he, as a claimed equitable owner, was not required to file exceptions to the inventory of his brother's estate, nor bring a claim as a creditor in probate court, and instead could file a subsequent action directly against appellees, as title holders of the property, in common pleas court. For instance, in *Serv. Transport Co. v. Matyas* (1953), 159 Ohio St. 300, 303–304, 50 O.O. 298, 112 N.E.2d 20, in dealing with the recovery of converted chattels through a replevin action, the Supreme Court of Ohio reasoned as follows:

> If plaintiff is the owner of the chattels and is entitled to their possession, it is not required to present a claim to the administratrix for them or to except to an inventory, for the reason that plaintiff has no claim against the estate and is

not interested in the inventory. Plaintiff is simply claiming a right to recover possession of its personal property under Section 12051 et seq., General Code, and those sections apply in favor of any one who owns chattels and is entitled to their possession as against any one who wrongfully detains the possession, regardless of who that person may be. See *Staley v. Kreinbihl, Exrs.*, 152 Ohio St. 315[, 40 O.O. 361], 89 N.E.2d 593.[4]

{¶ 22} Additionally, in *Lewis v. Steinreich* (1995) 73 Ohio St.3d 299, 652 N.E.2d 981, syllabus, the Supreme Court of Ohio held that "[t]he presentment requirements of R.C. 2117.06, the creditor's claim statute, cannot be applied to bar the claim of an owner who seeks to recover assets wrongfully held in an estate." In that case, Lewis, the administrator of the estate of Edwin Rippe, sought to recover assets of certain brokerage accounts held by the estate of Steinreich, via a declaratory-judgment action [5] that was filed in the probate court after the time allowed for the filing of creditor's claims. Although the probate court ruled that the assets properly belonged to Rippe's estate, the appeals court reversed, based on the reasoning that Lewis failed to present her claim to the estate within the time permitted by R.C. 2117.06. Id. at 300, 652 N.E.2d 981. The decision was then appealed to the Supreme Court, which essentially held that a claim of an owner is not governed by the creditor's-claim statute. Id. at 301, 652 N.E.2d 981.

{¶ 23} In reaching this decision, the Supreme Court stated as follows:

While we recognize that applying R.C. 2117.06 to ownership claims would further the state's legitimate interest in the prompt, efficient administration of decedents' estates, we also recognize that, unlike most debtor/creditor claims, claims concerning title and ownership may not surface for many years after a transaction takes place, making it more likely that valid ownership claims will be cut off by the intervening death of a principal to the transaction if R.C. 2117.06 is so applied. *We do not find that the state's interest in the finality of estate administration outweighs a party's interest in recovering possession of property wrongfully withheld from him.*

(Emphasis added.) Id. at 302, 652 N.E.2d 981. We recognize that the claim at issue in *Lewis* was brought against an estate rather than an individual devisee, but a review of the facts of that case reveals that the assets at issue were simply

---

**4.** Although the reasoning in *Serv. Transport Co.* applied to a replevin action for the return of chattels, we find the reasoning persuasive sub judice, as applied to appellant's claim for reformation and constructive trust, because the mobile home is titled personal property. Simply returning the property to appellant would be an inadequate remedy, because the title to the mobile home would also have to be changed to reflect its ownership.

**5.** Because R.C. 2101.24(A)(1)(l) provides that the probate court, except as otherwise provided by law, has exclusive jurisdiction to render declaratory-judgment actions, there was no question as to jurisdiction in *Lewis*.

in the hands of the estate at the time that the claim was filed rather than in the hands of a devisee. Further, we believe that the additional reasoning in *Lewis* with regard to an owner's right to possession outweighing the state's interests in the finality of estate administration supports the idea that an equitable owner's claim would survive distribution of the asset, provided that the asset was not in the hands of a bona fide purchaser. See also *Groza–Vance v. Vance*, 162 Ohio App.3d at 526, 834 N.E.2d 15 ("It is well settled that 'a constructive trust will not attach to property acquired by a bona fide purchaser—one who acquires title to property for value and without notice of another's equitable interest in that property' ").

{¶ 24} Here, the real and personal property at issue was not held by bona fide purchasers but rather by the sons of the decedent, as heirs. Thus, there being no statutory or case law requirement for appellant to either except to the inventory or file a creditor's claim within the time allotted under the creditor's-claim statute, and in light of the above reasoning suggesting that an owner's interest in recovering his property outweighs the interests of finality of estate administration, we see nothing that should have prohibited the common pleas court from exercising jurisdiction over appellant's claims. See *McGrew v. Popham*, Licking App. No. 05CA129, 2007-Ohio-428, 2007 WL 293022, at ¶ 4 (common pleas court exercised jurisdiction over claim for constructive trust against decedent's heir after the settling of decedent's estate).

{¶ 25} Further, we have located no authority that suggests that the probate court has jurisdiction, either exclusive, concurrent, or plenary, to impose a constructive trust over assets held by an estate for the benefit of another. Instead, we have located authority to the contrary. For instance, in *In re Estate of Etzensperger* (1984), 9 Ohio St.3d 19, 9 OBR 112, 457 N.E.2d 1161, the probate court imposed a constructive trust on certain savings bonds for the benefit of the executor of the estate/surviving spouse, after they became the subject of a hearing on exceptions to the inventory. In a subsequent appeal, the Supreme Court of Ohio determined that the probate court was without authority to impress a constructive trust on the assets at issue at a hearing on exceptions to the inventory under R.C. 2115.16 because the matter was not properly before the court under R.C. 2101.24.[6] Id. at 21, 9 OBR 112, 457 N.E.2d 1161. But see *Estate of Taylor v. Taylor, Stanley, & Stark Ins. Co.* (1991), Lawrence App. No. 1957, 1991 WL 110230 (upholding a probate court's imposition of a constructive trust *for an estate's benefit* at a hearing on exceptions to inventory, but factually

---

6. The court reasoned that the matter was not properly before the probate court in the hearing on exceptions because the claim should have been presented as an unliquidated tort claim pursuant to R.C. 2117.02, which governs claims brought against an estate by an executor or administrator.

distinguishing the result from *Etzensperger*, in which the court overturned the imposition of a constructive trust by a probate court for the benefit of an individual rather than the estate).

{¶ 26} Because it does not appear that the claims of appellant, as an equitable owner, for reformation of documents and imposition of a constructive trust were cognizable in the probate court nor barred by subsequent action in the common pleas court, we find that the common pleas court erred in dismissing them. Thus, we sustain appellant's first assignment of error. Accordingly, we reverse the trial court's dismissal of appellant's claims for lack of subject-matter jurisdiction and remand this matter to the trial court for further consideration.

## ASSIGNMENT OF ERROR II

{¶ 27} In his second assignment of error, appellant contends that the trial judge committed prejudicial error by denying his Civ.R. 60(B) motion for relief from judgment. In light of our disposition of appellant's first assignment of error, the argument raised under this assignment of error is moot. Thus, we decline to address it. See App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR III

{¶ 28} In his third assignment of error, appellant contends that the trial court committed prejudicial error by failing to grant his motions for default judgment and to strike appellee Gregory Bishop's purported answer. A review of the record reflects that the trial court, in dismissing appellant's complaint for lack of subject-matter jurisdiction, did not reach the issues whether appellant was, in fact, entitled to have appellee's answer stricken or was entitled to default judgment. Thus, because the trial court did not reach these issues, we decline to address them for the first time on appeal.

{¶ 29} Accordingly, because we have sustained appellant's first assignment of error and have found that the trial court did possess subject-matter jurisdiction over appellant's claims for deed reformation and constructive trust, we reverse the decision of the trial court and remand this matter.

*Judgment reversed*
*and cause remanded.*

McFARLAND, P.J., and KLINE, J., concur.

HARSHA, J., concurs in judgment only.