This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendants-Appellants, executor for the Estate of Robert D. Land and the decedent's children, have appealed a declaratory judgment entered by the Medina County Court of Common Pleas, Probate Division, that determined that Plaintiff-Appellee Debra J. Holstrom acquired sole ownership of certain real property through a joint and survivorship interest. This Court affirms.
 I
Debra Holstrom and Robert Land had been married and were living with their daughter until their marriage was terminated by a dissolution decree in August 1997. The dissolution order incorporated a separation agreement reached by Land and Holstrom, which contained provisions for the present and future divisions of their marital property. In particular, the separation agreement provided for alternative dispositions of the parties' marital residence ("homestead" property). Holstrom would be entitled to exclusive possession of the homestead property until certain conditions were fulfilled, at which time the homestead property would be sold and the proceeds distributed according to the terms of the separation agreement. If the death of either party preceded the sale of the homestead property, however, the homestead property was to pass to the surviving party pursuant to the parties' joint ownership with a right of survivorship.
Thereafter, Land and Holstrom decided to sell the homestead property, and executed a listing agreement with a real estate agent on February 25, 1998. This listing agreement was extended until December 1998, by both Land and Holstrom. On October 7, 1998, however, before Land and Holstrom sold the homestead property or entered into any purchase or sale agreements with respect to it, Land died. On October 31, 1998, Holstrom executed a purchase agreement for the sale of the homestead property, pursuant to which the property was later sold.
Holstrom kept one half of the net proceeds from the sale, and filed a declaratory judgment action seeking a determination that she was entitled to the balance of the proceeds because she had acquired sole ownership of the homestead property prior to its sale through the joint and survivorship interest. Appellants defended on the ground that the listing agreement executed by Land and Holstrom constituted a "[w]ritten agreement of the parties," which triggered the sale of the homestead property and division of the proceeds pursuant to the separation agreement.
Following a trial, the probate court found that Holstrom was the sole owner of the homestead property at the time of the sale, and was therefore entitled to all the proceeds therefrom. Appellants have timely appealed, asserting two assignments of error.
 II Assignment of Error Number One The trial court erred when it determined that [Holstrom] acquired the sole ownership of a joint and survivor interest of the homestead property located at 7273 Wadsworth Road, Medina, Ohio.
In their first assignment of error, Appellants have argued that the trial court erred in finding that Holstrom acquired sole ownership of the homestead property through the joint and survivorship interest. Specifically, Appellants have contended that the execution of the listing agreement constituted a written agreement by Holstrom and Land to sell the property which, under the terms of the separation agreement, preempted Holstrom's survivorship interest.
The interpretation of ambiguous terms in a contract is a question of fact, and is reviewed by this Court for an abuse of discretion. Butlerv. Joshi (May 9, 2001), Wayne App. No. 00CA0058, unreported, at 4. Terms in a contract are ambiguous if their meanings cannot be determined from reading the entire contract, or if they are reasonably susceptible to multiple interpretations. Id.
The separation agreement provided that the homestead property of the parties:
 is jointly owned, with a right of survivorship, by the parties. If one of the two parties dies before the homestead is sold/purchased, * * * the survivor will own the entire interest in the homestead because of the right of survivorship.
Also under the agreement, Holstrom was to retain the exclusive right to use the marital residence while the parties' daughter remained in the home.
The agreement further provided for the sale of the homestead property upon the occurrence of certain conditions:
 (E) SALE OF HOMESTEAD. It is agreed that forthwith upon the first of the following events to transpire the premises will be sold and the proceeds divided as agreed upon herein:
 (1) Graduation from high school by the child of the parties;
(2) Wife remarrying; or
(3) Written agreement of the parties.
Appellants have argued that the listing agreement executed by Holstrom and Land constituted a "[w]ritten agreement of the parties" within the meaning of subsection (E)(3) of the separation agreement. Consequently, Appellants have contended, Holstrom's survivorship interest was severed and Land's estate is now entitled to that portion of the sale proceeds that would have been distributed to Land under the terms of the separation agreement.
The trial court found that under the terms of the separation agreement, only a sale or purchase of the homestead property prior to the death of one of the parties would operate to sever the survivorship interest. This interpretation is supported by the language in the separation agreement pertinent to the disposition of the homestead: "If one of the two parties dies before the homestead is sold/purchased
* * *, the survivor will own the entire interest in the homestead[.]" (Emphasis added.) Even though the listing agreement may have been a "[w]ritten agreement of the parties" to sell the homestead property, only the actual sale or purchase — and not merely an agreement between Land and Holstrom to sell — the homestead property before Land's death would terminate Holstrom's survivorship interest.
The listing agreement executed by Holstrom and Land was neither a sale of, nor a contract to sell, the homestead property. See Hanes v. Davis
(1992), 62 Ohio Misc.2d 468, 471. The listing agreement did not constitute an offer that a potential third-party purchaser could accept; it was, at best, an invitation for third parties to make offers. Id. The execution of the listing agreement therefore does not alter the fact that Land died before the sale or purchase of the homestead property. Accordingly, the trial court did not abuse its discretion in finding that sole ownership of the homestead property passed to Holstrom upon Land's death, pursuant to the survivorship interest created in the separation agreement. Appellants' first assignment of error is overruled.
 Assignment of Error Number Two The trial court erred in that it failed to bar [Holstrom's] claim because it was not filed within one (1) year of the date of the appointment of the executor, pursuant to the terms and provisions and [R.C.] 2117.06.
In their second assignment of error, Appellants have argued that the trial court erred in failing to find that Holstrom's claim was barred by the one-year statute of limitations applicable to creditors' claims against estates found at R.C. 2117.06. R.C. 2117.06(C) provides: "A claim that is not presented within one year after the death of the decedent shall be forever barred as to all parties * * *."
The procedural limitations of R.C. 2117.06, however, do not apply to claims by a party asserting ownership of assets allegedly wrongfully held in a decedent's estate; R.C. 2117.06 applies only to claims which may be allowed as debts payable out of the assets of an estate. Lewis v.Steinreich (1995), 73 Ohio St.3d 299, 302. "When property held by the decedent at the time of her death is actually owned by another from whom possession is wrongfully withheld, such property is not property belonging to the estate and the party claiming ownership is not a creditor of the estate." Id. While Appellants have asserted that Lewis "can be factually distinguished" from the instant case, they have not articulated any basis for such a distinction, and this Court finds Lewis controlling regarding the applicability of R.C. 2117.06 to Holstrom's claim to sole ownership of the homestead property. Appellants' second assignment of error is overruled.
 III
Appellants' assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
BETH WHITMORE, BATCHELDER, P.J., SLABY, J. CONCUR.