OPINION
{¶ 1} Plaintiffs-appellants Nancy Weakley, et al. appeal from the April 14, 2004, Judgment Entry of the Licking County Court of Common Pleas, Probate Division, granting the Motion for Summary Judgment filed by defendant-appellee Rebecca Carlyle, Executor of the Estate of James H. Carlyle.
 STATEMENT OF THE FACTS AND CASE {¶ 2} James H. Carlyle and Peggy Carlyle are the parents of appellants Nancy Weakley, Kathleen Lees (nka Kathleen Blaine) and James E. Carlyle.
 {¶ 3} On or about October 30, 1987, James H. Carlyle and Peggy Carlyle entered into a Separation Agreement. The Separation Agreement stated, in relevant part, as follows:
 {¶ 4} "A. That the residence located at 1018 Thornwood Drive, Heath, Ohio 43056, shall remain in both names with each party owning an undivided one-half interest in said property. However, the wife shall have the sole and exclusive right of possession and occupancy of said property as long as she desires, so long as she does not remarry or cohabit with another person. . . .
 {¶ 5} "D. If either party should die prior to the residence . . . being sold, that deceased party's interest in said real estate shall be conveyed to the children of the parties, namely, Nancy L. Weakley, Kathleen J. Lees, and James E. Carlyle."
 {¶ 6} The Separation Agreement was incorporated into the December 24, 1987, Decree of Dissolution of Marriage.
 {¶ 7} On January 20, 2002, James H. Carlyle died. Carlyle's Last Will and Testament, which was dated January 17, 1990, stated, in pertinent part, as follows:
 {¶ 8} "I refer to my divorce decree filed of record on December 24, 1987, in the Licking County Court of Common Pleas, Case Number 87-S-83991 and give, devise and bequeath any interest that I might have at the time of my death in the real estate located at 1018 Thornwood Dr., Heath, Ohio 43056 and the real estate located at 1858 and 1860 Cherry Valley Rd., Newark, Ohio 43055 and the real estate containing 7.68 acres in the Township of Granville, now the City of Newark, located on Cherry Valley Rd. to my children, namely, Nancy, Kathleen and James E., share and share alike."
 {¶ 9} The Last Will and Testament, which was admitted to Probate on May 20, 2002, named Rebecca Carlyle, James H. Carlyle's surviving spouse, as the Executor.
 {¶ 10} On July 25, 2002, an inventory and appraisal of James H. Carlyle's Estate was filed with the trial court. The trial court approved the same on August 16, 2002.
 {¶ 11} On November 12, 2002, appellants filed a complaint against Rebecca Carlyle, as Executor of the Estate of James H. Carlyle, and Rebecca Carlyle individually. Appellants, in their complaint, alleged that an undivided one-half interest in the real property located on Thornwood Drive vested in them, pursuant to the language of the Separation Agreement, upon James H. Carlyle's death and that, therefore, their interest in such real property should not be considered as part of James H. Carlyle's estate and included in the estate inventory. Appellants contended that their interest in the real property located on Thornwood Drive was a non-probate asset. Appellants specifically sought a declaratory judgment declaring that the approval of the inventory be set aside, that appellee Rebecca Carlyle, as Executor, be ordered to file a new inventory excluding appellants' interest in the real property, and that an order be filed transferring the same to appellants free and clear of any claims arising out of the Estate of James H. Carlyle.
 {¶ 12} On March 25, 2003, appellants filed an amended complaint adding Hopewell Credit Union[1] and other entities that had filed claims against the Estate of James H. Carlyle as defendants "and as a result . . . have or may have an interest in the claims of Plaintiff's".
 {¶ 13} Both appellants and appellee Rebecca Carlyle filed Motions for Summary Judgment. Pursuant to a Judgment Entry filed on April 14, 2004, the trial court denied appellants' motion while granting that filed by appellee Rebecca Carlyle. The trial court, in its entry, stated, in relevant part, as follows:
 {¶ 14} ". . . The property settlement did not create joint ownership of the decedent's one-half interest in his real estate, with a condition of survivorship interest, to the children. The agreement entered into by the decedent and his former spouse bound the two but them only. The Court also notes that the decedent and his former spouse retained authority to sell or dispose of this property without the consent of the children. The Court notes that there was never a survivorship deed prepared and recorded which gave to decedent's children a vested interest in decedent's one-half interest in the real estate. This Court also notes with significance that in Item One (1) of the decedent's last will and testament, he specifically devises and bequeaths whatever interest he might have at the time of his death, in the real estate located at 1018 Thornwood Drive, Heath, Ohio to his three children, share and share alike. Although in this provision of his will he refers to his divorce decree in a general fashion, the specific mention of this real estate and the specific devise of it in his last will and testament, re-enforces this Court's conclusion that the interest in this real estate is an asset of the estate."
 {¶ 15} It is from the trial court's April 14, 2004, Judgment Entry that appellants now appeal, raising the following assignment of error:
 {¶ 16} "The trial court erred in granting defendant, rebecca carlyle's motion for summary judgment on the ground that the real property in question was a non-probate asset and should not be included in the inventory of decedent."
 STANDARD OF REVIEW {¶ 17} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ. R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 18} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial." Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259,674 N.E.2d 1164, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264.
 {¶ 19} It is pursuant to this standard that we review appellants' assignment of error.
 I {¶ 20} Appellants, in their sole assignment of error, argue that the trial court erred in granting appellee's Motion for Summary Judgment. Appellants specifically contend that the trial court erred in holding that the real property at issue was a probate asset and should be included in the estate inventory. We disagree.
 {¶ 21} A probate court is a court of limited jurisdiction and therefore is restricted to actions permitted by statute and the Ohio Constitution. Corron v. Corron (1988), 40 Ohio St.3d 75, 77,531 N.E.2d 708. A probate court lacks jurisdiction to determine interest in assets which are non-probate, as opposed to probate, assets. See SpangV. Rickbrodt, Cuyahoga App. No. 61353, 1991 WL 221993, citing In reEstate of Etzensperger (1984), 9 Ohio St.3d 19, 457 N.E.2d 1161.
 {¶ 22} Revised Code Chapter 5302 outlines the statutory forms of land conveyance. R.C. 5302.19, captioned "Tenancy in Common," states as follows:" Except as provided in sections 5302.17, 5302.20, and 5302.21 of the Revised Code, if any interest in real property is conveyed or devised to two or more persons, such persons hold title as tenants in common and the joint interest created is a tenancy in common." In turn, R.C. 5302.20, captioned "When survivorship tenancy exists; characteristics or ramifications," states, in relevant part, as follows: "if any interest in real property is conveyed or devised to two or more persons for their joint lives and then to the survivor or survivors of them, those persons hold title as survivorship tenants, and the joint interest created is a survivorship tenancy."
 {¶ 23} As noted by Hopewell Federal Credit Union in its amicus brief, pursuant to the language in the Separation Agreement, James. H. Carlyle and Peggy Carlyle held title as tenants in common. The Separation Agreement does not state that the couple's children were joint owners of the Thornwood Dr. property with a right of survivorship. Since the Separation Agreement did not comply with R.C. 5302.20, the Agreement did not create a joint and survivorship interest in appellant's in the real estate. In short, there was no survivorship deed granting Carlyle's children a vested interest in his onehalf interest in the real estate on Thornwood Drive.
 {¶ 24} Furthermore, we note that the Separation Agreement provides that if either party dies prior to the Thornwood Drive property being sold, "that deceased party's interest in said real estate shall be conveyed to the parties of the children . . ." Such language does not actually convey the property, but rather constitutes an agreement between James H. Carlyle and Peggy Carlyle to convey any interest he or she may have in such property to their children if either party dies prior to the property being sold. In accordance with the terms of the Separation Agreement, James. H. Carlyle, in his Last Will and Testament, gave, devised and bequeathed any interest he might have in the real property at the time of his death to appellants, his children. As noted by the trial court in its entry, the specific mention of the subject real estate in Carlyle's will and his specific devise of it reinforces "the conclusion that the interest in this real estate is an asset of the estate." Furthermore, this Court is unaware of any statutory or case law that permits an individual to convey property to his or her heirs via a Divorce Decree.
 {¶ 25} Based on the foregoing, we find that the trial court did not err in holding that the real property in question was a probate asset and including the same in the estate inventory.
 {¶ 26} Appellants' sole assignment of error is, therefore, overruled.
 {¶ 27} Accordingly, the judgment of the Licking County Court of Common Pleas, Probate Division, is affirmed.
Edwards, J., Hoffman, P.J., and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Probate Division, is affirmed. Costs assessed to appellants.
[1] Hopewell Federal Credit Union filed an amicus curiae brief in the case sub judice.